757 So.2d 624 (2000)
Timothy D. O'LEARY, M.D., et al., Appellants,
v.
FLORIDA BIRTH-RELATED NEUROLOGICAL INJURY COMPENSATION ASSOCIATION, et al., Appellees.
No. 5D99-2919.
District Court of Appeal of Florida, Fifth District.
May 19, 2000.
Bradley P. Blystone of Mateer & Harbert, P.A., Orlando, for Appellants.
Kenneth J. McKehna of Dellecker, Wilson & King, P.A., Orlando, for Appellees.
PETERSON, J.
The issue presented by this appeal is whether an administrative law judge has jurisdiction to determine that notice to a patient of a physician's participation in Florida's Birth-Related Injury Compensation Plan (the Plan), pursuant to section 766.316, Florida Statutes (1998 Supp.), was either given or excused.
This case arose when a pregnant woman was seriously injured in an automobile accident. She was rushed to a hospital emergency room where the physicians monitored the fetus' vital signs. At first, *625 the signs seemed normal, but within approximately an hour after the mother's arrival at the emergency room, the fetus' condition deteriorated and a Caesarian section was performed. During the delivery, the baby was found to have suffered an acute placental abruption that caused neurological deficits; she survived the birth but died from complications two years and three months later.
The personal representative of the baby's estate brought an action in the circuit court against the hospital where the baby was delivered and against the physicians who delivered her. The physicians moved to abate the proceedings until a determination was made by the Division of Administrative Hearings as to the compensability of plaintiff's claim under the Plan. Florida's Birth-Related Neurological Injury Compensation Act (sections 766.301-766.316, Florida Statutes) provides a no fault and exclusive remedy for birth-related neurological injuries when the medical service providers elect to participate in the Plan. The circuit court granted the motion to abate and expressed the opinion that the administrative law judge assigned to the matter by the Division of Administrative Hearings "should initially decide the notice requirements set forth in section 766.316."
The plaintiffs then filed a petition to obtain benefits from the Florida Birth-Related Neurological Injury Compensation Association (NICA). The petition specifically alleged that the petitioners were not provided with notice of the physicians' participation in NICA prior to the birth of the deceased child and that they were requesting a final evidentiary hearing on that issue before any hearings took place on the compensability of their claim.
Disagreeing with the trial court, the administrative law judge found that the notice issue of NICA participation was not a matter within his jurisdiction and dismissed the claim without prejudice. The physicians then filed this appeal. This court has jurisdiction to hear the final order of dismissal without prejudice entered by the administrative law judge. Humana of Florida, Inc. v. McKaughan, 652 So.2d 852 (Fla. 2d DCA 1995), rev. granted, 661 So.2d 824 (Fla.1995).
In McKaughan, the second district certified the following question to the supreme court:

DOES AN ADMINISTRATIVE HEARING OFFICER HAVE THE EXCLUSIVE JURISDICTION TO DETERMINE WHETHER AN INJURY SUFFERED BY A NEW-BORN INFANT DOES OR DOES NOT CONSTITUTE A "BIRTH-RELATED NEUROLOGICAL INJURY" WITHIN THE MEANING OF THE FLORIDA BIRTH-RELATED NEUROLOGICAL INJURY COMPENSATION PLAN, SECTIONS 766.301-.316, FLORIDA STATUTES (1993), SO THAT A CIRCUIT COURT IN A MEDICAL MALPRACTICE ACTION SPECIFICALLY ALLEGING AN INJURY OUTSIDE THE COVERAGE OF THE PLAN MUST AUTOMATICALLY ABATE THAT ACTION WHEN THE PLAN'S IMMUNITY IS RAISED AS AN AFFIRMATIVE DEFENSE PENDING A DETERMINATION BY THE HEARING OFFICER AS TO THE EXACT NATURE OF THE INFANT'S INJURY?
The supreme court answered the question in the negative. See Florida Birth-Related Neurological Injury Compensation Ass'n v. McKaughan, 668 So.2d 974 (Fla. 1996).
The McKaughan decision was followed by Galen of Florida, Inc. v. Braniff, 696 So.2d 308 (Fla.1997) in which the supreme court, in a five-two decision, held "that as a condition precedent to invoking [NICA] as a patient's exclusive remedy, health care providers must, when practicable, give their obstetrical patients notice of their participation in the plan a reasonable time prior to delivery." Id. at 309.
*626 In 1998, after the McKaughan and Braniff decisions, the legislature, in chapter 98-113, amended sections 766.301, 766.304, and 766.316, as follows:
An act relating to medical malpractice insurance; amending s. 766.301, F.S.; clarifying legislative intent; amending s. 766.304, F.S.; providing exclusive jurisdiction of administrative law judges in claims filed under ss. 766.301-766.316, F.S.; providing a limitation on bringing a civil action under certain circumstances; amending s. 766.315, F.S.; ... amending s. 766.316, F.S.; providing hospitals and physicians with alternative means of providing notices to obstetrical patients relating to the no-fault alternative for birth-related neurological injuries; prescribing conditions; providing for applicability of amendments;....
Be It Enacted by the Legislature of the State of Florida:
Section 1. Paragraph (d) of subsection (1) of Section 766.301, Florida Statutes, is amended to read:
766.301 Legislative findings and intent.
(1) The Legislature makes the following findings:
(d) The costs of birth-related neurological injury claims are particularly high and warrant the establishment of a limited system of compensation irrespective of fault. The issue of whether such claims are covered by this act must be determined exclusively in an administrative proceeding.

Section 2. Section 766.304, Florida Statutes, is amended to read:
766.304 Administrative law judge to determine claims.
The administrative law judge shall hear and determine all claims filed pursuant to ss. 766.301-766.316 and shall exercise the full power and authority granted to her or him in chapter 120, as necessary, to carry out the purposes of such sections. The administrative law judge has exclusive jurisdiction to determine whether a claim filed under this act is compensable. No civil action may be brought until the determinations under s. 766.309 have been made by the administrative law judge. If the administrative law judge determines that the claimant is entitled to compensation from the association, no civil action may be brought or continued in violation of the exclusiveness of remedy provisions of s. 766.303. If it is determined that a claim filed under this act is not compensable, the doctrine of neither collateral estoppel nor res judicata shall prohibit the claimant from pursuing any and all civil remedies available under common law and statutory law. The findings of fact and conclusions of law of the administrative law judge shall not be admissible in any subsequent proceeding; however, the sworn testimony of any person and the exhibits introduced into evidence in the administrative case are admissible as impeachment in any subsequent civil action only against a party to the administrative proceeding, subject to the Rules of Evidence. An action may not be brought under ss. 766.301-766.316 if the claimant recovers or final judgment is entered. The division may adopt rules to promote the efficient administration of, and to minimize the cost associated with, the prosecution of claims.
Section 4. Section 766.316, Florida Statutes, is amended to read:
766.316 Notice to obstetrical patients of participation in the plan.
Each hospital with a participating physician on its staff and each participating physician, other than residents, assistant residents, and interns deemed to be participating physicians under s. 766.314(4)(c), under the Florida Birth-Related Neurological Injury Compensation Plan shall provide notice to the obstetrical patients thereof as to the limited no-fault alternative for birth-related neurological injuries. Such notice shall be provided on forms furnished by the *627 association and shall include a clear and concise explanation of a patient's rights and limitations under the plan. The hospital or the participating physician may elect to have the patient sign a form acknowledging receipt of the notice form. Signature of the patient acknowledging receipt of the notice form raises a rebuttable presumption that the notice requirements of this section have been met. Notice need not be given to a patient when the patient has an emergency medical condition as defined in s. 395.002(8)(b) or when notice is not practicable.

Section 6. The amendments to sections 766.301 and 766.304, Florida Statutes, shall take effect July 1, 1998, and shall apply only to claims filed on or after that date and to that extent shall apply retroactively regardless of the date of birth.
Section 7. Amendments to section 766.316, Florida Statutes, shall take effect July 1, 1998, and shall apply only to causes of action accruing on or after that date.
The cause of action in the instant case arose on January 2, 1996. The petition for NICA benefits was filed on June 28, 1999. Therefore, as the appellants urge, the amendments vesting the administrative law judge with exclusive jurisdiction to determine whether a claim is compensable under NICA apply to this case. Ch. 98-113, §§ 1, 2, & 6. In reviewing the amendments in light of the McKaughan and Braniff opinions, it appears that the legislature, in sections 1 and 2 of chapter 98-113, was responding adversely to the result reached in McKaughan. In section 4, the amendment to the notice provision of NICA, the legislature, in contrast, was simply codifying the notice principles of the Braniff decision. In McKaughan, the supreme court concluded that the circuit court, as well as the administrative law judge, could determine whether a claim fell under NICA. The legislature countered that conclusion by adding to section 766.301 the provision that "whether such claims are covered by this act must be determined exclusively in an administrative proceeding." Likewise, section 766.304 was amended to provide that "the administrative law judge has exclusive jurisdiction to determine whether a claim filed under this act is compensable."
The appellants urge, and we agree, that the legislature, by amending section 766.304 to grant exclusive jurisdiction to an administrative law judge to determine whether a claim filed under this act is compensable, clearly meant to correct the dual jurisdiction problem that existed after the McKaughan decision.
The language used by the legislature in its amendment to the Act indicates that the administrative judge is to determine all matters relative to a claim. Notably, the determination of the adequacy of notice is not excluded from the duties of the administrative law judge. Section 766.304 states that the administrative law judge shall hear all claims and shall exercise the full power and authority granted that is necessary to carry out the purposes of the section. The section further grants exclusive jurisdiction to the administrative law judge to determine whether a claim is compensable and precludes any civil action until the issue of compensability is determined. We believe that under these amendments, any issue raising the immunity of a health provider, including the issue of whether the health provider satisfied the notice requirements of the Plan is an issue to be decided by the administrative law judge as one which relates to the question of whether the claim is compensable under the Plan. We recognize that lack of proper notice does not affect a claimant's ability to obtain compensation from the Plan. However, a health provider who disputes a plaintiffs assertion of inadequate notice is raising the issue of whether a claim can only be compensated under the plan. All questions of compensability, including those which arise regarding the *628 adequacy of notice, are properly decided in the administrative forum.
Our conclusion that the administrative forum is the intended exclusive forum to determine the notice question eliminates the "ping-pong effect," that is, the trial court and the administrative law judge each throwing the case back to the other on this question. We also note that a section 766.316 notice issue is peculiar to a NICA claim. The 766.316 notice is not applicable to a common law tort or contract action. We also believe that it is economical and practicable to both the litigants and judicial system to have all NICA issues determined by one tribunal.
The dismissal by the administrative law judge is vacated and we remand to the Division of Administrative Hearings for further proceedings, including the determination of whether notice was given or excused in this case.
ORDER OF DISMISSAL VACATED; REMANDED.
SAWAYA, J., and ORFINGER, M., Senior Judge, concur.