793 So.2d 999 (2001)
UNIVERSITY OF MIAMI, etc., et al., Petitioners,
v.
M.A., a minor, etc., et al., Respondents.
No. 3D01-1008.
District Court of Appeal of Florida, Third District.
June 13, 2001.
Rehearing and Certification Denied September 19, 2001.
Fowler White Burnett and Steven E. Stark, Miami, for petitioners.
Rossman, Baumberger & Reboso and Lincoln J. Connolly, Miami, for respondents.
Before JORGENSON, GODERICH, and FLETCHER, JJ.
Rehearing En Banc and Certification Denied September 19, 2001.
PER CURIAM.
The petitioners filed this petition for writ of certiorari seeking, in part, to quash the order denying their motion to abate the action filed in the circuit court until the administrative law judge determined whether the claim was compensable under the Florida Birth-Related Neurological Injury Compensation Act [NICA], sections 766.301-.316, Florida Statutes (Supp.1998). We grant the petition.
Pursuant to sections 766.301(1)(d) and 766.304, Florida Statutes (Supp.1998),[1] *1000 an administrative law judge, not the circuit court, has exclusive jurisdiction to determine whether a claim filed under NICA is compensable. We adopt the decision in O'Leary v. Florida Birth-Related Neurological Injury Compensation Ass'n, 757 So.2d 624, 627 (Fla. 5th DCA 2000), in which the Fifth District held that "any issue raising the immunity of a health provider, including the issue of whether the health provider satisfied the notice requirements of the [NICA] Plan is an issue to be decided by the administrative law judge as one which relates to the question of whether the claim is compensable under the Plan." Therefore, the denial of the motion to abate the action in circuit court departed from the essential requirements of law. See Miami Physical Therapy Assocs., Inc. v. Savage, 632 So.2d 114 (Fla. 3d DCA 1994). Accordingly, we grant the petition for writ of certiorari quashing the order denying the motion to abate.
We remind the trial court that it was obligated to follow O'Leary because neither the Supreme Court of Florida nor this Court had decided this precise issue subsequent to the 1998 amendments of sections 766.301(1)(d) and 766.304. See Pardo v. State, 596 So.2d 665 (Fla.1992); Anderson v. Anderson, 746 So.2d 525, 526 (Fla. 2d DCA 1999), review granted, 760 So.2d 945 (Fla.2000).
As a result of our decision, we do not address the alternative petition filed by the petitioners.
Petition for writ of certiorari granted.
NOTES
[1] In 1998, sections 766.301(1)(d) and 766.304, Ch. 98.113, were amended. Section 766.301(1)(d) was amended to add the following language: "The issue of whether such claims are covered by this act must be determined exclusively in an administrative proceeding." Section 766.304 was amended, in part, to add the following language:

The administrative law judge has exclusive jurisdiction to determine whether a claim filed under this act is compensable. No civil action may be brought until the determinations under s. 766.309 have been made by the administrative law judge. If the administrative law judge determines that the claimant is entitled to compensation from the association, no civil action may be brought or continued in violation of the exclusiveness of remedy provisions of s. 766.303....