841 So.2d 626 (2003)
BAYFRONT MEDICAL CENTER, INC., Appellant,
v.
DIVISION OF ADMINISTRATIVE HEARINGS, and Mike, Lynn, and Christopher Kocher, Appellees.
Florida Birth-Related Neurological Injury Compensation Association, Appellant,
v.
Division of Administrative Hearings and Mike, Lynn, and Christopher Kocher, Appellees.
Nos. 2D01-2343, 2D01-2513.
District Court of Appeal of Florida, Second District.
April 4, 2003.
*627 David S. Nelson, of Smith & Fuller, P. A., Tampa, for Appellant Bayfront Medical Center, Inc.
Wilbur E. Brewton and Kelly B. Plante of Brewton, Plante & Plante, P.A., Tallahassee, for Appellant Florida Birth-Related Neurological Injury Compensation Association.
James L. Ferraro and Markenzy LaPointe, of Ferraro & Associates, P.A., Miami, for Appellee Christopher Kocher.
DAVIS, Judge.
In this consolidated appeal, Bayfront Medical Center, Inc. (Bayfront), and the Florida Birth-Related Neurological Injury Compensation Association (NICA)[1] challenge an order entered by an administrative law judge (ALJ) determining that, due to Bayfront's failure to give the statutorily required notice, Bayfront was not entitled to the exclusiveness of remedy provision of section 766.303, Florida Statutes (1997), and that both Bayfront and the delivering physician were potentially liable in a medical malpractice action in the circuit court. Because we conclude that the ALJ exceeded the scope of his statutory duties by addressing issues beyond the compensability of the injury, we reverse in part and affirm in part.
In November 1995, Lynn Kocher visited OB/GYN Associates, a group of obstetricians and gynecologists, and learned she was pregnant with twins. At the outset of her prenatal care, OB/GYN provided Kocher with the statutorily mandated notice that the doctors in the group were participants in the NICA program. However, upon entering the Bayfront facility for delivery, the hospital failed to provide Kocher with the notice required by section 766.316. The delivery of the second of Kocher's twins involved complications, and the infant lived only three days.
In 1999, Mike Kocher, as personal representative of the estate of the deceased child, filed a medical malpractice/wrongful *628 death action against Bayfront in the circuit court. No claim had been filed with NICA. Bayfront moved to abate the civil lawsuit until Kocher pursued a claim under NICA, and following O'Leary v. Florida Birth-Related Neurological Injury Compensation Ass'n, 757 So.2d 624 (Fla. 5th DCA 2000), the circuit court abated the action.
On November 8, 2000, the Kochers filed a claim for NICA benefits. After reviewing the case, NICA notified the Kochers of its acceptance of the claim and offered to pay plan benefits. The Kochers advised that since Bayfront failed to provide the required notice, they intended to reject the benefits. NICA then filed and served a "Notice of Acceptance and Request for Evidentiary Hearing on Compensability" by which it requested an evidentiary hearing to allow the ALJ to determine the issues of compensability and notice. The ALJ subsequently granted Bayfront's petition to intervene and participate in the hearing.
Following an evidentiary hearing, the ALJ issued his order on May 14, 2001. In the order, the ALJ found that (1) the child did suffer a birth-related neurological injury that was compensable under the NICA plan, (2) the child was delivered by a physician who was participating in the plan and who had given the proper notice as required by law, and (3) Bayfront had failed to give appropriate notice. The ALJ concluded that since only the physician gave notice, the parents had two choices. They either could accept the benefits of the plan and forego their civil action, or they could reject the benefits and proceed with their civil action. The ALJ also concluded that since the exclusivity of remedy provision was not severable, Bayfront's failure to provide notice denied both the delivering physician and the hospital the immunity protection of the plan unless the parents chose to accept the NICA benefits.
Bayfront and NICA agree that the ALJ correctly determined the compensability and notice issues. However, Bayfront and NICA challenge the ALJ's conclusion that the notice provision of the statute requires both the doctor and the hospital to give notice before they are entitled to the immunity protection of the plan. Because we conclude that the ALJ exceeded the scope of his statutory duties, we need not reach the question of whether he properly interpreted the notice provision.
Prior to the 1998 amendment of the plan, the Florida Supreme Court determined that the ALJ did not have exclusive jurisdiction to decide whether an injury was compensable under the plan and that NICA immunity was to be raised as an affirmative defense in a civil law suit. See Fla. Birth-Related Neurological Injury Comp. Ass'n v. McKaughan, 668 So.2d 974 (Fla.1996). The legislature subsequently amended the Act to provide that the ALJ has exclusive jurisdiction to decide whether the injury is compensable. Ch. 98-113, Laws of Fla. This amendment applies to this case. See O'Leary v. Fla. Birth-Related Neurological Injury Comp. Ass'n, 757 So.2d 624 (Fla. 5th DCA 2000). However, once the ALJ has determined that the injury is compensable, his statutory duties are discharged. Any decision made regarding a claimant's election of remedies and the impact of the determination that the injury is compensable is beyond his jurisdiction and must be reversed. Gugelmin v. Div. of Adm. Hearings, 815 So.2d 764 (Fla. 4th DCA 2002). Accordingly, we remand to the ALJ with instructions that all rulings regarding the election of remedies and the finding regarding the Act's exclusivity of remedy provisions should be deleted from the order. The findings regarding the compensability of the injury *629 and the provision or absence of notice are affirmed.
Affirmed in part, reversed in part, and remanded with instructions.
KELLY, J., and SCHEB, JOHN M., Senior Judge, Concur.
NOTES
[1] Section 766.315, Florida Statutes (Supp. 1998), establishes the Florida Birth-Related Neurological Injury Compensation Association (NICA) to administer the Florida Birth-Related Neurological Injury Compensation Plan. See § 766.302(2). The plan "provides a no fault and exclusive remedy for birth-related neurological injuries when the medical service providers elect to participate." O'Leary v. Fla. Birth-Related Neurological Injury Comp. Ass'n, 757 So.2d 624, 625 (Fla. 5th DCA 2000); see also §§ 776.301-.316.