869 So.2d 686 (2004)
FLORIDA BIRTH-RELATED NEUROLOGICAL INJURY COMPENSATION ASSOCIATION, Appellant,
v.
Maria FERGUSON and Garry Ferguson, on behalf of and as parents and natural guardians of Casey Ferguson, a minor; and Lenore McCall, C.N.M., Appellees.
No. 2D02-285.
District Court of Appeal of Florida, Second District.
April 2, 2004.
*687 Wilbur E. Brewton and Kelly B. Plante of Brewton, Plante & Plante, P.A., Tallahassee, for Appellant.
Sylvia H. Walbolt, Robert E. Biasotti, and Hunter W. Carroll of Carlton Fields, P.A., St. Petersburg; and David H. Gold of Goldfarb, Gold, Gonzalez & Wald, P.A., Miami, for Appellees Maria and Garry Ferguson.
No appearance for Appellee Lenore McCall, C.N.M.
DAVIS, Judge.
The Florida Birth Related Neurological Injury Compensation Association (NICA) challenges the final order of the Division of Administrative Hearings (DOAH), which held that because certain of the health care providers failed to give sufficient notice of the applicability of the Florida Birth-Related Neurological Injury Compensation Plan (the Plan), see § 766.301.316, Fla. Stat. (1997), the health care providers are not entitled to the statutory immunity provided by the Plan. We conclude that the administrative law judge (ALJ) exceeded his authority in making such a finding, and we reverse.
Casey Ferguson, the minor child of Maria and Garry Ferguson, was born with serious neurological injuries on January 28, 1997, at Morton Plant Mease Health Care Hospital in Dunedin (the Hospital). Due to the injuries she received at birth, her parents filed a malpractice action against the Hospital and Lenore V. McCall, the certified nurse midwife involved in the delivery. In response to the *688 complaint, the Hospital and McCall raised the statutory immunity of the Plan as an affirmative defense and requested that the suit be abated until the ALJ determined whether the birth-related injuries were covered by the Plan. Relying on the interpretation of section 766.301(1)(d), provided in O'Leary v. Florida Birth-Related Neurological Injury Compensation Ass'n, 757 So.2d 624 (Fla. 5th DCA 2000), the trial court abated the action until the "issues of applicability of and/or compensability" under the Plan were determined by the ALJ.
Accordingly, the Fergusons filed a petition against NICA with DOAH, arguing that because their malpractice claim was not barred by the immunity of the Plan, the matter should be remanded to the circuit court for a trial on the merits. In response to the petition, NICA acknowledged that the child's injury was a birth-related neurological injury as defined by the statute and was compensable. However, acknowledging that the parents alleged that the Hospital and McCall failed to give proper notice of the applicability of the Plan, NICA requested an evidentiary hearing to allow the ALJ to determine notice issues.
After the hearing, the ALJ entered an order finding that the Hospital failed to give sufficient predelivery notice as required by the statute and that, as a result thereof, it was not entitled to statutory immunity from the malpractice complaint. The order stated that the parents could accept the compensation provided under the plan or pursue their malpractice action in the circuit court.
NICA now challenges that order, arguing that the ALJ exceeded his jurisdiction in determining the legal impact of the Hospital's failure to provide sufficient notice. Although NICA followed the directions of O'Leary and asked the ALJ to determine the factual issue of whether notice was given, it now maintains that the factual determination was the extent of the ALJ's jurisdiction. The Fergusons, however, argue that NICA does not have standing to bring this appeal.
Since the ALJ entered his order, this court has issued two opinions that control the notice issue. First, in Bayfront Medical Center v. Division of Administrative Hearings, 841 So.2d 626 (Fla. 2d DCA 2003), this court determined that the ALJ was without jurisdiction to reach legal conclusions as to the impact of a provider's failure to give sufficient notice. In that case, the parties had agreed to the ALJ making the factual determination as to whether notice was given; thus this court only responded to the issue of whether the ALJ had the authority to reach the legal conclusion that the failure of notice deprives the defending provider of his statutory immunity. Because that is the same issue raised in the instant case, Bayfront is directly on point here and we must reverse.
However, more recently, this court examined the entire jurisdiction issue and concluded that none of the issues of notice are within the province of the ALJ. See All Children's Hosp., Inc. v. Dep't of Admin. Hearings, 863 So.2d 450 (Fla. 2d DCA 2004). We concluded that the statute delegated to the ALJ only the authority to determine the issue of compensability, which includes (1) whether the child suffered a neurological injury as defined by the Plan; and (2) whether the child was delivered by a participating physician. See § 766.309. If these two questions are answered in the affirmative, the statute authorizes the ALJ to determine the amount of compensation to which the parents are entitled. Id. The issue of notice therefore is not involved in determining the compensability of the injury. All Children's Hosp., 863 So.2d 450; see also Fla. Health *689 Scis. Ctr., Inc. v. Div. of Admin. Hearings, 2004 WL 401203, 29 Fla. L. Weekly D556 (Fla. 2d DCA Mar. 5, 2004).
Although the parties here reasonably relied on the procedural suggestions of O'Leary in submitting the factual issue of notice to the ALJ, it is clear from these subsequent opinions that even the determination of the factual issues of notice was beyond the ALJ's jurisdiction. Accordingly, we must reverse those portions of the ALJ's opinion that address the notice issue.
However, we must also address the issue of standing. The Fergusons suggest that because NICA is not adversely affected by the ALJ's ruling, it does not have standing to bring this appeal. We disagree. The legislature gave NICA the powers necessary to "effect any or all purposes for which the plan is created." § 766.315(4)(g), Fla. Stat. (2000). In Humana of Florida, Inc. v. McKaughan ex rel. McKaughan, 652 So.2d 852 (Fla. 2d DCA 1995), this court held that section 766.315 gave NICA standing to challenge an ALJ's order finding the alleged injury is not covered by the statute and returning the matter to the circuit court for malpractice litigation.[1] This court reasoned that if the order was not challenged, the parents could avoid the exclusive remedy of the Plan and that would be contrary to the "manifest intent and purpose of the Plan." Id. at 857.
Similarly, should the instant ruling of the ALJ stand, the availability of the immunity afforded to health care providers would be limited by the ALJ's legal conclusions as to the legislative intent of the statute. Not only would this ruling encourage parents to challenge the notice requirements in an attempt to avoid the limited remedy, it would discourage physicians from participating in the Plan due to the technical requirements of the notice statute as defined by the ALJ. Both of these results are contrary to the intent and purpose of the Plan. Therefore, as in Humana, we conclude that NICA is sufficiently adversely affected to confer on it standing to bring this challenge.
Accordingly, we determine that the ALJ not only exceeded his jurisdiction in reaching the legal conclusions regarding immunity, but also exceeded his jurisdiction in addressing the factual issues of notice.[2] We therefore reverse the ALJ's order as to the notice issues. In so doing, we certify *690 conflict with the Fifth District's opinion in O'Leary, 757 So.2d 624, the Third District's opinion in University of Miami v. M.A., 793 So.2d 999 (Fla. 3d DCA 2001), and the Fourth District's opinions in Gugelmin v. Division of Administrative Hearings, 815 So.2d 764 (Fla. 4th DCA 2002), and Behan v. Florida Birth-Related Neurological Injury Compensation Ass'n, 664 So.2d 1173 (Fla. 4th DCA 1995), to the extent that these opinions hold that the ALJ has the authority to determine issues related to notice in NICA proceedings.
Additionally, we affirm the ALJ's order as to the finding of compensability of the injury, and we remand for the entry of an amended final order consistent with this opinion.
Affirmed in part; reversed in part; and remanded.
FULMER and STRINGER, JJ., concur.
NOTES
[1] Although this issue was not specifically reviewed, the "analysis and resolution" of the case by this court was approved by the Florida Supreme Court in Florida Birth-Related Neurological Injury Compensation Ass'n v. McKaughan, 668 So.2d 974 (Fla.1996).
[2] During the pendency of this appeal, the Florida Legislature amended section 766.309 to add a new subsection which reads:

(4) If it is in the interest of judicial economy or if requested to by the claimant, the administrative law judge may bifurcate the proceeding addressing compensability and notice pursuant to s. 766.316 first, and addressing an award pursuant to s. 766.31, if any, in a separate proceeding. The administrative law judge may issue a final order on compensability and notice which is subject to appeal under s. 766.311 prior to issuance of an award pursuant to s. 766.31.
Ch.2003-416, § 77 at 89, Laws of Fla. Although it might be argued that this language, at least by inference, gives the ALJ the jurisdiction to address notice issues, this amendment does not apply to this case. Section 86 of chapter 2003-416, Laws of Florida, specifically states that the amendments to chapter 766, Florida Statutes, "shall apply only to any medical incident for which a notice of intent to initiate litigation is mailed on or after the effective date of the act." The effective date of the act was September 15, 2003; thus, the amendment does not apply to this case. We offer no opinion as to whether this amendment does, in fact, confer on the ALJ the jurisdiction in question herein.