871 So.2d 1062 (2004)
FLORIDA HEALTH SCIENCES CENTER, INC., d/b/a Tampa General Hospital and The Florida Board of Regents, Appellants,
v.
DIVISION OF ADMINISTRATIVE HEARINGS and Sandra Nap Britt and Frank Britt, on behalf of and as natural guardians of David Britt, Appellees.
Florida Birth-Related Neurological Injury Compensation Association, Appellant,
v.
Sandra Nap Britt and Frank Britt, as parents and natural guardians of David Britt, a minor, Appellees.
Nos. 2D01-3919, 2D01-3970.
District Court of Appeal of Florida, Second District.
May 12, 2004.
*1063 David S. Nelson of Barr, Murman, Tonelli, Slother & Sleet, Tampa, for Appellant Florida Health Sciences Center, Inc.
Michael N. Brown and Patricia E. Davenport of Allen Dell, P.A., Tampa, for Appellant The Florida Board of Regents.
Wilbur E. Brewton and Kelly B. Plante of Brewton, Plante & Plante, P.A., Tallahassee; and Kenneth J. Plante of Roetzel & Andress, L.P.A., Tallahassee, for Appellant Florida Birth-Related Neurological Injury Compensation Association.
Tricia B. Valles, Roland J. Lamb, and William E. Hahn of Hahn, Morgan & Lamb & Lamb, P.A., Tampa, for Appellees.
DAVIS, Judge.
This action arose due to the neurological injuries suffered by the child of Sandra and Frank Britt and implicated the Florida Birth-Related Neurological Injury Compensation Plan (the Plan). The Plan is a statutorily created procedure that limits the liability of health care providers when certain requirements are met.
The administrative law judge (ALJ) here found that the statutorily required notice was not provided by the University of South Florida (USF) faculty physician who assisted in the delivery of the Britts' son, David. The ALJ concluded that because the physician did not provide notice, neither the physician nor the hospital where the child was born could claim immunity from civil liability under the Plan. The hospital, Florida Health Sciences Center, Inc., d/b/a Tampa General Hospital (TGH); Florida Birth-Related Neurological *1064 Injury Compensation Association (NICA); and the physician's employer, The Florida Board of Regents (FBOR) (collectively "Appellants"), now challenge that order.
The Plan is a legislatively created program that provides compensation, irrespective of fault, to parents of children found (1) to have suffered certain birth-related neurological injuries, and (2) to have been delivered by a participating physician. §§ 766.303, 766.309, Fla. Stat. (1997). The funds for the program are raised by assessments charged to all hospitals and physicians in the state of Florida. § 766.314. However, physicians who choose to participate in the Plan pay higher assessments than nonparticipating physicians. Id. Compensation awarded under the Plan is an exclusive remedy and a defense to any malpractice action the parents might file against any health care provider related to the delivery of the child. § 766.303. However, "before an obstetrical patient's remedy is limited by the NICA plan, the patient must be given pre[ ]delivery notice of the health care provider's participation in the plan." Galen of Fla., Inc. v. Braniff, 696 So.2d 308, 309 (Fla.1997); see also § 766.316 ("Each hospital with a participating physician on its staff and each participating physician ... shall provide notice to the obstetrical patients thereof as to the limited no-fault alternative for birth-related neurological injuries.").
Pursuant to section 766.304, the ALJ "shall hear and determine all [NICA] claims." Section 766.309 more specifically provides:
(1) The administrative law judge shall make the following determinations based upon all available evidence:
(a) Whether the injury claimed is a birth-related neurological injury. If the claimant has demonstrated, to the satisfaction of the administrative law judge, that the infant has sustained a brain or spinal cord injury caused by oxygen deprivation or mechanical injury and that the infant was thereby rendered permanently and substantially mentally and physically impaired, a rebuttable presumption shall arise that the injury is a birth-related neurological injury as defined in s. 766.302(2).
(b) Whether obstetrical services were delivered by a participating physician in the course of labor, delivery, or resuscitation in the immediate postdelivery period in a hospital; or by a certified nurse midwife in a teaching hospital supervised by a participating physician in the course of labor, delivery, or resuscitation in the immediate postdelivery period in a hospital.
(c) How much compensation, if any, is awardable pursuant to s. 766.31.
§ 766.309(1)(a)-(c).
In the instant case, because David Britt suffered serious neurological difficulties at birth, his parents filed a civil action against FBOR and TGH. The trial court then abated the action to allow the ALJ to determine the "applicability and ... compensability" of the Britts' claims.
Following a hearing on the Britts' petition for NICA coverage, the ALJ made the following findings: (1) the child suffered a compensable injury; (2) the delivering physician was a participant in the NICA program; (3) TGH provided the statutorily required notice; and (4) the evidence failed to demonstrate that Mrs. Britt received notice on behalf of the delivering physician.
In addressing whether notice had been provided, the ALJ specifically stated that because the health care providers raised NICA immunity in the Britts' original action, it was necessary to resolve the notice *1065 issue in the administrative proceeding. The ALJ cited the Fifth District's opinion in O'Leary v. Florida Birth-Related Neurological Injury Compensation Ass'n, 757 So.2d 624 (Fla. 5th DCA 2000), to support this assertion. In O'Leary, the Fifth District noted that the NICA statute does not specifically exclude the determination of the adequacy of notice from the ALJ's duties. Id. at 627. The Fifth District therefore concluded that such a determination was a necessary part of the larger question of compensability that is to be determined by the ALJ. Id. at 627-28.
The ALJ here concluded in its order that the notice requirements of the statute had not been met, that the Britts could either accept NICA compensation or pursue their civil action against the health care providers, and that should the Britts choose to go forward with a civil action, the health care providers would be prohibited from raising the statute's immunity provisions as a defense. Whether the ALJ had the jurisdiction to reach these legal conclusions regarding notice is the issue presented in this case.
Based on the plain and unambiguous language of section 766.309, the ALJ is authorized to determine whether the injury is a compensable injury under the statute's definition of such, whether the physician was a participating physician, and how much compensation, if any, is to be awarded. Therefore, we affirm the ALJ's findings here that David Britt suffered a compensable injury and that he was delivered by a participating physician.
However, since the entry of the ALJ's order, this court, in All Children's Hospital, Inc. v. Department of Administrative Hearings, 863 So.2d 450 (Fla. 2d DCA 2004), has very specifically defined the jurisdiction of the ALJ in regard to the giving of notice. This court determined that not only does the ALJ lack the jurisdiction to determine the legal significance of the failure of a party to give notice, the ALJ also lacks jurisdiction to determine any issue related to notice, including the legal question of what notice is sufficient and the factual issue of whether notice was given. All Children's Hosp., 863 So.2d at 456-57.
Section 766.31 specifically states that if the ALJ determines that the injury is a birth-related neurological injury and that the delivering physician is a participant in the Plan, he shall award compensation. Hence, the awarding of compensation does not depend on the sufficiency of the health care providers' notice. See also Galen, 696 So.2d at 311 ("Because the assertion of NICA exclusivity is an affirmative defense, factual disputes concerning notice should be submitted to the jury where a jury trial is requested on all questions of fact."). No part of the NICA statute confers on the ALJ any authority to determine issues related to notice.
Accordingly, the ALJ here exceeded his statutory authority by addressing the sufficiency of notice[1] and the resulting effect *1066 on the Britts' civil action. We therefore reverse those portions of his final order. In so doing, we certify conflict with the Fifth District's opinion in O'Leary, 757 So.2d 624, the Third District's opinion in University of Miami v. M.A., 793 So.2d 999 (Fla. 3d DCA 2001), and the Fourth District's opinions in Gugelmin v. Division of Administrative Hearings, 815 So.2d 764 (Fla. 4th DCA 2002), and Behan v. Florida Birth-Related Neurological Injury Compensation Ass'n, 664 So.2d 1173 (Fla. 4th DCA 1995), to the extent that these opinions hold that the ALJ has the authority to determine issues related to notice in NICA proceedings.
We also note that in Bayfront Medical Center, Inc. v. Division of Administrative Hearings, 841 So.2d 626 (Fla. 2d DCA 2003), we affirmed the ALJ's findings regarding sufficiency of notice. However, in that case the sufficiency of notice issue was not in dispute and therefore not properly before this court. Accordingly, we consider any reference to the sufficiency of notice issue in Bayfront to be dicta.
Affirmed in part; reversed in part; and conflict certified.
SILBERMAN and COVINGTON, JJ., Concur.
NOTES
[1] During the pendency of this appeal, the Florida Legislature amended section 766.309 to add a new subsection which reads:

(4) If it is in the interest of judicial economy or if requested to by the claimant, the administrative law judge may bifurcate the proceeding addressing compensability and notice pursuant to s. 766.316 first, and addressing an award pursuant to s. 766.31, if any, in a separate proceeding. The administrative law judge may issue a final order on compensability and notice which is subject to appeal under s. 766.311, prior to issuance of an award pursuant to s. 766.31.
Ch.2003-416, § 77 at 89, Laws of Fla.
Although it might be argued that this language, at least by inference, gives the ALJ the jurisdiction to address the notice issues, this amendment does not apply to this case. Section 86 of chapter 2003-416, Laws of Florida, specifically states that the amendments to chapter 766, Florida Statutes, "shall apply only to any medical incident for which a notice of intent to initiate litigation is mailed on or after the effective date of the act." The effective date of the act was September 15, 2003; thus the amendment does not apply to this case. We offer no opinion as to whether this amendment does, in fact, confer on the ALJ the jurisdiction in question herein.