893 So.2d 636 (2005)
BAYFRONT MEDICAL CENTER, INC., Appellant,
v.
FLORIDA BIRTH-RELATED NEUROLOGICAL INJURY COMPENSATION ASSOCIATION; and Mike Kocher and Lynn Kocher, as parents and natural guardians of Christopher Kocher, a minor, Appellees.
No. 2D03-5156.
District Court of Appeal of Florida, Second District.
February 16, 2005.
David S. Nelson of Barr, Murman, Tonelli, Slother & Sleet, Tampa, for Appellant.
Wilbur E. Brewton, General Counsel, and Kelly B. Plante of Roetzel & Andress, L.P.A., Tallahassee, for Appellee NICA.
James L. Ferraro and Dino G. Galardi of Ferraro & Associates, P.A., Coral Gables, for Appellees Mike and Lynn Kocher.
DAVIS, Judge.
This is the second time this case has appeared before this court. Previously, we reversed the order entered by the administrative law judge ("ALJ") and remanded the matter with instructions that the ALJ should amend his order to conform with this court's decision. See Bayfront Med. Ctr., Inc. v. Div. of Admin. Hearings, 841 So.2d 626 (Fla. 2d DCA 2003) (Bayfront I), superseded by statute, Fla. Birth-Related Neurological Injury Comp. Ass'n v. Ferguson, 869 So.2d 686 (Fla. 2d DCA 2004). The ALJ has now entered his order pursuant to our mandate, and Bayfront Medical Center, Inc. (Bayfront), challenges the amended order. Because the ALJ failed to follow our decisions in All Children's Hospital, Inc. v. Department of Administrative Hearings, 863 So.2d 450 (Fla. 2d DCA 2004), superseded *637 by statute, Ferguson, 869 So.2d 686, and Florida Health Sciences Center, Inc. v. Division of Administrative Hearings, 871 So.2d 1062 (Fla. 2d DCA 2004), we reverse.
Mike and Lynn Kocher filed a medical malpractice/wrongful death action against Bayfront for damages related to the death of their newborn son. Upon Bayfront's motion, the circuit court abated the action until the Kochers filed a claim under the Florida Neurological Injury Compensation Act ("NICA" or "the Act").[1] After an evidentiary hearing on the claim, the ALJ entered his order finding that
(1) the child did suffer a birth-related neurological injury that was compensable under the NICA plan, (2) the child was delivered by a physician who was a participant in the plan and who had given proper notice as required by law, and (3) Bayfront had failed to give appropriate notice.
Bayfront I, 841 So.2d at 628. The ALJ went on to conclude that since the hospital failed to give the statutorily required notice, the parents could either accept NICA benefits and forgo a civil lawsuit or reject NICA benefits and proceed with a civil action. The ALJ concluded by finding that the hospital's failure to give notice denied both the hospital and the participating physician the exclusivity of remedy protection afforded by NICA as this protection was not severable. It was this order that was the subject of Bayfront I.
In that case, we reversed the ALJ's order finding that the ALJ was without jurisdiction to determine the impact of the failure to give notice. We remanded to the ALJ with the following instructions: "Accordingly, we remand to the ALJ with instructions that all rulings regarding the election of remedies and the finding regarding the Act's exclusivity of remedy provisions should be deleted from the order. The findings regarding the compensability of the injury and the provision or absence of notice are affirmed." 841 So.2d at 628-29.
On remand, the ALJ followed our instructions by deleting the specified findings from his order. However, the ALJ added a new paragraph that read, "Given the foregoing, it must be resolved that while the participating physician gave notice, the hospital did not, and its failure to give notice may not be excused, as harmless."
Bayfront now challenges the addition of this language, arguing that the finding that the failure to give notice "may not be excused, as harmless" violates the dictates of Bayfront I. Additionally, Bayfront contends that the ALJ's finding that notice was given by the physician and not by the hospital is beyond the ALJ's jurisdiction. We agree with both arguments and reverse.
As to the first argument, our decision in Bayfront I specifically concluded that the ALJ was without jurisdiction to determine the impact of the failure to provide the statutorily-required notice. Although the new paragraph did not specify the impact, the observation that the failure could not be deemed harmless was beyond the scope of his authority as limited by our prior decision. See also § 766.309, Fla. Stat. (1997). The inclusion of this finding was therefore error.
Subsequent to our decision in Bayfront I, this court concluded that the ALJ's jurisdiction under NICA extended only to the determination of whether the child suffered *638 a neurological injury that was compensable under the Act.[2]See All Children's Hosp., 863 So.2d 450. Further, this court determined that neither the giving of notice nor the failure to give notice is an element of compensability as defined by the statute:
There is nothing in section 766.309 or elsewhere in NICA that gives the ALJ any responsibility or authority to determine either (a) that notice under section 766.316 was or was not properly given, or (b) that a provider is or is not entitled to invoke immunity from tort liability provided for in section 766.303(2). These issues are entirely distinct and separate from the issue of compensability under the plan.
Id. at 456. We reaffirmed this conclusion in Florida Health Sciences Center, 871 So.2d 1062, and in doing so specifically addressed the language in Bayfront I that affirmed that ALJ's finding as to the giving of notice by the physician and the failure to give notice by the hospital, observing:
We also note that in Bayfront Medical Center, Inc. v. Division of Administrative Hearings, 841 So.2d 626 (Fla. 2d DCA 2003), we affirmed the ALJ's findings regarding sufficiency of notice. However, in that case the sufficiency of notice issue was not in dispute and therefore not properly before this court. Accordingly, we consider any reference to the sufficiency of notice issue in Bayfront [I] to be dicta.
871 So.2d at 1066.
Although we recognize that several of the other district courts of appeal disagree with us,[3] we decline Appellees' invitation to recede from the conclusion this court reached in All Children's Hospital. Accordingly, we conclude that on remand the ALJ exceeded his jurisdiction both in finding that the failure to give notice by the physician was not harmless and by addressing the issue of whether notice was given at all.[4]
We reverse the order and remand with instructions to delete those portions of the order that are inconsistent with this opinion. In doing so, we certify conflict with Tabb ex rel. Tabb v. Florida Birth-Related Neurological Injury Compensation Ass'n, 880 So.2d 1253 (Fla. 1st DCA 2004), and the cases with which we certified conflict in Florida Health Sciences Center, 871 So.2d at 1066, to the extent that these opinions hold that the ALJ has the authority to determine issues related to notice in NICA proceedings.
*639 Reversed and remanded with instructions; conflict certified.
NORTHCUTT and KELLY, JJ., Concur.
NOTES
[1] § 766.301-.316, Fla. Stat. (1997 and Supp.1998).
[2] We recognize that section 766.309 also provides for the ALJ to determine if the child was delivered by a participating physician and to determine the amount of compensation to be awarded. However, these are not at issue in this case and are therefore not included in the discussion.
[3] See Tabb ex rel. Tabb v. Fla. Birth-Related Neurological Injury Comp. Ass'n, 880 So.2d 1253 (Fla. 1st DCA 2004); Gugelmin v. Div. of Admin. Hearings, 815 So.2d 764 (Fla. 4th DCA 2002); Univ. of Miami v. M.A., 793 So.2d 999 (Fla. 3d DCA 2001); O'Leary v. Fla. Birth-Related Neurological Injury Comp. Ass'n, 757 So.2d 624 (Fla. 5th DCA 2000); Behan v. Fla. Birth-Related Neurological Injury Comp. Ass'n, 664 So.2d 1173 (Fla. 4th DCA 1995).
[4] The Florida Legislature amended section 766.309 during the 2003 session. As noted in Ferguson, 869 So.2d at 690 n. 2, even if the amended language was intended to confer jurisdiction on the ALJ to determine the issues related to notice, the amendments apply only to incidents for which the notice of intent to litigate was mailed after the effective date of September 15, 2003. Accordingly, the ALJ on remand did not enjoy the benefits of the amendments to the statute.