924 So.2d 982 (2006)
Katharine WEINSTOCK, M.D., and Rosewater, Lerner, Rudolph and Associates, M.D., P.A., d/b/a Tampa Bay Women's Healthcare Alliance, LLP, Petitioners,
v.
Simone HOUVARDAS and Paul Houvardas, Individually and as Natural Parents and Guardians of George Houvardas, a minor, Respondents.
No. 2D05-5555.
District Court of Appeal of Florida, Second District.
April 12, 2006.
Jason M. Azzarone, Diane I. Zuckerman, and Louis J. La Cava of Stephens, Lynn, Klein, La Cava, Hoffman & Puya, P.A., Tampa, for Petitioners.
Wil H. Florin of Florin Roebig, P.A., Palm Harbor, for Respondents.
ALTENBERND, Judge.
Katharine Weinstock, M.D., and Rosewater, Lerner, Rudolph and Associates, M.D., P.A., d/b/a Tampa Bay Women's Healthcare Alliance, LLP (the petitioners), have filed a writ of prohibition seeking to quash the trial court's order denying their motion to abate and to prevent the trial court from conducting an evidentiary hearing on whether they properly complied with the notice requirements set forth in section 766.316, Florida Statutes (2003), of the Birth-Related Neurological Injury Compensation Act (NICA). The petitioners argue that, under the 2003 version of NICA, the administrative law judge (ALJ) has exclusive jurisdiction to determine issues of notice. We agree, and we grant the petition.
Simone and Paul Houvardas, individually and as natural parents of George Houvardas, a minor (the respondents), filed a medical malpractice action in circuit court against the petitioners. The complaint alleged *983 that George Houvardas suffers from various cerebral abnormalities as a result of the negligence of the defendants at the time of his birth.
The petitioners filed a motion to abate with their answer and affirmative defenses. In the motion to abate, the petitioners alleged that George Houvardas had a birth-related neurological injury and his exclusive remedy for damages was under NICA. The petitioners further alleged that pursuant to section 766.304 no civil action may be brought until the determinations under section 766.309 have been made by the ALJ, who has exclusive jurisdiction to determine all claims. The petitioners argued that the circuit court lacked subject matter jurisdiction and requested that the circuit court proceedings be abated while the respondents pursued their administrative remedies under NICA. The respondents filed a response to the motion to abate alleging that they did not receive proper notice of Weinstock's participation in NICA and that factual disputes concerning notice are to be submitted to a jury. The circuit court held a hearing on the motion to abate. At the hearing, the petitioners argued that the ALJ has exclusive jurisdiction to resolve all matters including compensability and notice. The respondents argued that the Second District Court of Appeal, standing alone in the State of Florida, has held that the ALJ does not have jurisdiction to determine whether a plaintiff received proper notice of a doctor's participation in NICA. The circuit court, by order, denied the motion to abate and allowed the parties to conduct discovery pertaining to the issue of notice. The order stated that the circuit court would hold an evidentiary hearing on the issue of whether the petitioners provided sufficient notice to the respondents of their participation in NICA.
This court in All Children's Hospital, Inc. v. Department of Administrative Hearings, 863 So.2d 450, 456 (Fla. 2d DCA 2004), review granted, Florida Birth-Related Neurological Injury Compensation Ass'n v. Florida Department of Administrative Hearings, 913 So.2d 596 (Fla.2005), held that there is nothing in the 1997 version of NICA giving the ALJ the authority to determine whether notice of participation in NICA, which is required by section 766.316, was given or not given. We stated: "The factual and legal issues related to notice and tort immunity are within the jurisdiction of the circuit court in which a tort claim is brought. They are not within the jurisdiction of the ALJ." Id. at 456-57. We concluded that the ALJ has the authority to "address [only] the two basic questions which determine if a claim is compensable under the plan: (1) `[w]hether the injury claim is a birth-related neurological injury,' § 766.309(1)(a); and (2) `[w]hether obstetrical services were delivered by a [covered person] in the course of labor, delivery, or resuscitation in the immediate post-delivery period in a hospital,' § 766.309(1)(b)." Id. at 455. The court in All Children's Hospital recognized the decision of the Third District in University of Miami v. M.A., 793 So.2d 999 (Fla. 3d DCA 2001) (holding that the issue of whether a health care provider gave proper notice is to be decided by the ALJ because it relates to the issue of whether a claim is compensable under the Act); the decision of the Fifth District in O'Leary v. Florida Birth-Related Neurological Injury Compensation Ass'n, 757 So.2d 624 (Fla. 5th DCA 2000) (holding that a notice issue is part of a compensability determination and, thus, an issue over which the ALJ has exclusive jurisdiction); and the decision of the Fourth District in Behan v. Florida Birth-Related Neurological Injury Compensation Ass'n, 664 So.2d 1173 (Fla. 4th DCA 1995) (holding that the *984 adequacy of a provider's notice must be determined by the ALJ before he can determine compensability). The First District has since held that, under the 2001 NICA Act, the ALJ has jurisdiction to determine whether the provider gave proper notice of NICA participation. See Tabb v. Fla. Birth-Related Neurological Injury Comp. Ass'n, 880 So.2d 1253, 1256-57 (Fla. 1st DCA 2004).
This court in Florida Birth-Related Neurological Injury Compensation Ass'n v. Ferguson, 869 So.2d 686 (Fla. 2d DCA 2004), review granted, Florida Birth-Related Neurological Injury Compensation Ass'n v. Florida Department of Administrative Hearings, 913 So.2d 596 (Fla.2005), again interpreting NICA in 1997, relied on All Children's Hospital in holding that the circuit court had exclusive jurisdiction to determine issues of notice. However, we stated:
During the pendency of this appeal, the Florida Legislature amended section 766.309 to add a new subsection which reads:
(4) If it is in the interest of judicial economy or if requested by the claimant, the administrative law judge may bifurcate the proceeding addressing compensability and notice pursuant to s. 766.316 first, and addressing an award pursuant to s. 766.31, if any, in a separate proceeding. The administrative law judge may issue a final order on compensability and notice which is subject to appeal under s. 766.311 prior to issuance of an award pursuant to s. 766.31.
Ch.2003-416, § 77 at 89, Laws of Fla. Although it might be argued that this language, at least by inference, gives the ALJ the jurisdiction to address notice issues, this amendment does not apply to this case. Section 86 of chapter 2003-416, Laws of Florida, specifically states that the amendments to chapter 766, Florida Statutes, "shall apply only to any medical incident for which a notice of intent to initiate litigation is mailed on or after the effective date of the act." The effective date of the act was September 15, 2003; thus, the amendment does not apply to this case. We offer no opinion as to whether this amendment does, in fact, confer on the ALJ the jurisdiction in question herein.
Ferguson, 869 So.2d at 690 n. 2 (emphasis added); see also Bayfront Med. Ctr., Inc. v. Fla. Birth-Related Neurological Injury Comp. Ass'n, 893 So.2d 636, 638 n. 1 (Fla. 2d DCA 2005). In the present case, the child was delivered on September 29, 2003, and the notice of intent to initiate litigation was mailed on October 5, 2004. Both of these events occurred after the effective date of the amendment to section 766.309. The question for this court to decide is whether, in any case arising after the effective date of the amendment, the ALJ has exclusive jurisdiction to determine issues of notice.
Pursuant to subsection (4) of section 766.309, the ALJ has the authority to hold a hearing to determine whether notice was properly given. The ALJ also has the authority to render a final order regarding notice. Clearly, in providing the ALJ with the authority to rule on issues of notice, it was the legislature's intent that the ALJ have the jurisdiction to determine such issues. In 1996, the supreme court held that the ALJ did not have exclusive jurisdiction to determine whether an injury was compensable under NICA. See Fla. Birth-Related Neurological Injury Comp. Ass'n v. McKaughan, 668 So.2d 974, 978 (Fla. 1996). In 1998, the legislature amended the Act, adding the following language: "The issue of whether such [birth-related neurological injury] claims are covered by this act must be determined exclusively in *985 an administrative proceeding." § 766.301(1)(d), Fla. Stat. (Supp.1998). This leads us to conclude that the legislature did not intend that the ALJ and the courts have dual jurisdiction over any issue where the Act provides the ALJ with the authority to rule on that issue.
Section 766.304, Florida Statutes (2003), states: "The administrative law judge has exclusive jurisdiction to determine whether a claim filed under this act is compensable. No civil action may be brought until the determinations under s. 766.309 have been made by the administrative law judge." Section 766.309(4) provides the ALJ with the jurisdiction to resolve issues of notice. Therefore, we hold that under the 2003 Act, the ALJ has exclusive jurisdiction to determine whether notice of a health provider's participation in NICA was properly given in accordance with section 766.316.
Accordingly, because the circuit court does not have jurisdiction to determine issues of notice, we grant the petition and quash the order denying the motion to abate. We direct that the ALJ, and not the circuit court, shall determine whether the provider in this case complied with section 766.316.
Petition for writ of prohibition granted; case remanded for further proceedings in accordance with this opinion.
CASANUEVA and STRINGER, JJ., Concur.