DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SYLVIA SIEGFRIED, M.D.,**
**PALM BEACH OBSTETRICS & GYNECOLOGY, P.A.,**
**GOOD SAMARITAN MEDICAL CENTER, INC.** d/b/a
**GOOD SAMARITAN MEDICAL CENTER, MARCELA LAZO, M.D.,**
**LORI SEVALD, M.D., DEBRA JONES, M.D., JOY CAVALARIS, M.D.,**
and **BARBARA TELAN, ARNP, CNM,**
Petitioners,

v.

**YANARA AVILA-CANA** and **JULIA HASSAN,**
individually and on behalf of **S.H.**, a minor child,
Respondents.

No. 4D2024-1338

[August 14, 2024]

Petition for writ of certiorari to the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Bradley G. Harper, Judge; L.T. Case Nos. 502020CA012522 and 502020CA014382.

Dinah S. Stein and Philip M. Berberian of Hicks, Porter, Ebenfeld & Stein, P.A., Miami, for petitioners Palm Beach Obstetrics & Gynecology, P.A., and Sylvia Siegfried, M.D.

Nicholas S. Madsen of Adams Coogler, P.A., West Palm Beach, for petitioners Palm Beach Obstetrics & Gynecology, P.A., Marcela Lazo, M.D., Sylvia Siegfried, M.D., Lori Sevald, M.D., Joy Cavalaris, M.D. and Barbara Telan, ARNP, CNM.

Kara Rockenbach Link and Daniel M. Schwarz of Link & Rockenbach, PA, West Palm Beach, and Maria D. Tejedor and Carlos Diez-Arguelles of Diez-Arguelles & Tejedor, P.A., Orlando, for respondents.

PER CURIAM.

Medical malpractice defendants Sylvia Siegfried, M.D., and Palm Beach Obstetrics & Gynecology, P.A., timely petition for a writ of certiorari, seeking to quash an order granting the plaintiffs' motion to lift stay. We grant the petition. The trial court departed from the essential

requirements of law in allowing the case to proceed in violation of the exclusiveness of remedy provision of the Florida Birth-Related Neurological Injury Compensation Plan (NICA).  *See* § 766.303(2), Fla. Stat. (2016).

We have certiorari jurisdiction to enforce NICA's immunity from suit and presuit requirements.  *See Pediatrix Med. Grp. of Fla., Inc. v. Falconer*, 31 So. 3d 310, 311 (Fla. 4th DCA 2010) (explaining that certiorari lies to enforce immunity from suit under NICA); *Univ. of Miami v. M.A.*, 793 So. 2d 999, 999 (Fla. 3d DCA 2001) (granting certiorari from an order denying a motion to abate an action pending a determination of whether a claim was compensable under NICA).

Plaintiffs filed the underlying medical malpractice case based on injuries suffered by their child during birth.

In July 2022, the trial court properly granted Dr. Siegfried's motion to abate the action until plaintiffs filed a petition under NICA as to Dr. Siegfried and until plaintiffs obtained a final order from an Administrative Law Judge (ALJ).[1]  *See* § 766.304, Fla. Stat. (2016) ("No civil action may be brought until the determinations under s. 766.309 have been made by the [ALJ].").

Pursuant to NICA, an ALJ has exclusive jurisdiction to determine whether a claimed injury is compensable under the plan.  The ALJ must determine whether a birth-related neurological injury is claimed and "[w]hether obstetrical services were delivered by a participating physician in the course of labor, delivery, or resuscitation in the immediate postdelivery period in a hospital."  § 766.309(1)(b), Fla. Stat. (2016).  A plaintiff may not bring suit until an ALJ has made these determinations and, when contested, whether the participating physician, and hospital with the participating physician on its staff, provided the notice to obstetrical patients required by sections 766.316 and 766.309(1)(d) of the Florida Statutes.

Before filing suit, plaintiffs served notice of intent to initiate litigation and named other medical providers in a NICA petition.  The ALJ found that the claims were compensable as to the other medical providers.  Plaintiffs, however, did not name Dr. Siegfried in the NICA petition.  Dr. Siegfried was not served and did not participate in the administrative proceedings.  The ALJ has not made the findings required by section 766.309 as to the claim against Dr. Siegfried.

---

[1] In 4D2022-2301, plaintiffs sought certiorari review of this ruling.  This Court denied plaintiffs' petition.

In July 2023, plaintiffs filed a motion to reopen in the closed administrative case. The ALJ sent the parties a letter explaining that the 2019 case was closed with prejudice and could not be reopened. A final order was entered in October 2020, and no appeal was taken. The ALJ explained that the Division of Administrative Hearings lacked jurisdiction to consider the motion to reopen the 2019 case.

Plaintiffs then moved the trial court to lift the stay, arguing that they had complied with the court's abatement order by trying to reopen the administrative case. The trial court agreed and entered the order on review.

We agree with petitioners that the trial court departed from the essential requirements of law in allowing the suit to proceed without the required determinations as to Dr. Siegfried. *See Univ. of Miami*, 793 So. 2d at 1000 (concluding that trial court departed from the essential requirements of law in failing to abate an action where an ALJ had not determined whether the claim was compensable under NICA).

The ALJ's letter advising plaintiffs that a motion to reopen could not be filed in the closed 2019 case does not satisfy the requirements of section 766.304, Florida Statutes (2016), which states: "No civil action may be brought until the determinations under s. 766.309 have been made by the administrative law judge." Plaintiffs did not file a new NICA petition naming Dr. Siegfried. This would have opened a new case that would have allowed the ALJ to make the required determinations.

A determination of whether the claim against Dr. Siegfried is compensable under NICA is critical because, if so, Dr. Siegfried may be sued only if "there is clear and convincing evidence of bad faith or malicious purpose or willful and wanton disregard of human rights, safety, or property." § 766.303(2), Fla. Stat. (2016).[2]

---

[2] This subsection makes NICA the exclusive remedy for covered claims and provides:

> (2) The rights and remedies granted by this plan on account of a birth-related neurological injury shall exclude all other rights and remedies of such infant, her or his personal representative, parents, dependents, and next of kin, at common law or otherwise, against any person or entity directly involved with the labor, delivery, or immediate postdelivery resuscitation during which such injury occurs, arising out of or related to a medical negligence claim with respect to such injury; except that a civil action shall not be

Plaintiffs' contention that it satisfied the statute because Siegfried's employer—Palm Beach Obstetrics & Gynecology, P.A.—participated in the NICA proceeding has no merit.[3] Plaintiffs did not provide notice that they intended to sue Dr. Siegfried when they filed the NICA petition. Dr. Siegfried was not served or given an opportunity to participate in the NICA proceedings. Before plaintiffs may proceed with a suit based on Dr. Siegfried's conduct, an ALJ must make the required determinations under section 766.309.

Plaintiffs' other arguments have no merit and do not warrant discussion. The petition is granted, and the trial court's order lifting the stay is quashed.

*Petition granted.*

MAY, DAMOORGIAN and GERBER, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

---

foreclosed where there is clear and convincing evidence of bad faith or malicious purpose or willful and wanton disregard of human rights, safety, or property, provided that such suit is filed prior to and in lieu of payment of an award under ss. 766.301-766.316. Such suit shall be filed before the award of the division becomes conclusive and binding as provided for in s. 766.311.

§ 766.303(2) (emphasis added).

[3] Plaintiffs have not conceded that the claim against Dr. Siegfried is compensable under NICA or that the ALJ's findings as to Palm Beach Obstetrics & Gynecology, P.A., extend to Siegfried.