PER CURIAM.
We grant the Petition for Writ of Prohibition in part, directing the respondent, the Honorable Roger B. Colton, Circuit Judge of the 15th Judicial Circuit, that he does not have jurisdiction to act with regard to a portion of the pending “Defendants Florida Physicians Insurance Company Motion to Clarify Injunctive order, or in the Alternative, to Dissolve Injunctive Order,” served June 17, 1994, in the lower court proceedings.
Petitioner Northbrook Property and Casualty Company, Inc. (Northbrook) is the workers’ compensation carrier which paid substantial benefits to William Lenahan as a result of an on-the-job injury. Lenahan was treated for the injuries by a Dr. Douglas Martin, and eventually obtained a $2,250,000 medical malpractice settlement from Dr. Martin and his carrier, Florida Physicians Insurance Co. (Florida Physicians). When it was discovered that Lenahan had committed fraud in obtaining the settlement from Martin and Florida Physicians, the award was set aside, and an injunction was issued by the *442 trial court on April 26, 1991.[1] That injunction restrained both the Lenahans and their original trial counsel Grossman and Roth, P.A. (who were found not to have known about or participated in the Lenahans’ fraud) from dissipating any of the monies they received in the medical malpractice settlement. Finally, on August 9, 1993, the trial court entered an order that the attorneys fees obtained by Grossman and Roth, P.A. in representing the Lenahans on their malpractice claim against Martin would not have to be returned to the various claimants. That order was timely appealed and is pending before this court in case number 93-2669.
It is the pendency of this related appeal which gives rise to Northbrook’s claim that the trial court is without jurisdiction to enter any orders on Florida Physicians’ motion directed to the April 26,1991, injunction. Prohibition is available to prevent the trial court from improperly exercising jurisdiction while an appeal is pending. Dixie Towing Corp. v. Mobley, 590 So.2d 1090 (Fla. 1st DCA 1991). Although Northbrook is not a party in case number 93-2669, they argue, and we agree, that they are a real party in interest as to the outcome of that appeal and the 1991 injunction. Northbrook has a lien, under the workers’ compensation law, chapter 440.39, Florida Statutes (1989), against any proceeds the Lenahans might recover from the tortfeasor who caused the original injury, or any health care practitioner who might be guilty of malpractice in the treatment of such injury. Accordingly, depending on the outcome of the 93-2669 appeal, Northbrook may have a claim on some of the attorneys fees being held by Grossman and Roth, P.A., pursuant to the April 1991 injunction.
In determining the applicability of prohibition in this case, however, we note that the sole issue in the appeal in case number 93-2669 is the propriety of the August 9, 1993, order immunizing Grossman and Roth, P.A.’s fees from claims by Florida Physicians or Northbrook. The lower court’s April 26, 1991, injunction also relates' to assets being held by Mr. and Mrs. Lenahan, which are not the subject of any appellate review.
Accordingly, we grant prohibition in part, to prevent the trial court from exercising jurisdiction over that part of the April 26, 1991, injunction — the subject of the appeal in case number 93-2669 — the money Grossman and Roth, P.A. is holding pursuant to paragraph 2 on page 2 of the injunctive order:
2. Stuart Grossman and Neal A. Roth and Grossman and Roth, P.A., are hereby enjoined from disposing of, spending, or transferring any of the proceeds which they have received arising out of their representation of William Lenahan and/or Phyllis Lenahan.
We deny prohibition insofar as Florida Physicians’ June 17, 1994 motion seeks to address money or other assets being held by the Lenahans that are the subject of the 1991 injunctive order. In so doing, we expressly reject Northbrook’s argument below that the money being held by the lawyers is so inextricably intertwined with the Lenahans’ money and assets as to prevent the trial court from going forward on any of these issues.
GUNTHER and POLEN, JJ., concur.
ANSTEAD, J., dissents with opinion.

. The Lenahans were also convicted in a criminal prosecution arising from the same fraud.