877 So.2d 785 (2004)
David MARKIN, Petitioner,
v.
Susan MARKIN, Respondent.
No. 4D04-719.
District Court of Appeal of Florida, Fourth District.
June 28, 2004.
Rehearing Denied August 12, 2004.
*786 Denise C. Desmond and Joel M. Weissman of Weissman, Yaffa & Desmond, P.A., West Palm Beach, for petitioner.
Philip M. Burlington of Philip M. Burlington, P.A., and Jeffrey D. Fisher of Fisher & Bendeck, P.A., West Palm Beach, for respondent.
MAY, J.
The former husband petitions this court for a writ of prohibition to prevent the trial court from proceeding with a receivership action related to the final dissolution of marriage. He argues that this court's order in the appeal from the judgment of dissolution, requiring him to post a bond to effectuate a stay, prohibits the trial court from proceeding in the receivership action because he posted the cash bond. We agree, grant the petition, and issue the writ.
On January 14, 2003, the trial court entered a final judgment of dissolution of marriage. Pursuant to that judgment, a corporation wholly owned by the parties, One Hundred El Vedado Way, Inc., was ordered to be sold with the proceeds to be divided equally. The judgment required the former husband to pay the former wife $33,106,816 in cash as part of the equitable distribution of assets.
The former husband appealed the final judgment and moved for a stay. The trial court denied the motion. This court then issued an order granting a motion to review the stay. However, this court subsequently sua sponte vacated the stay.
The former husband filed a separate civil action against the former wife for trespass. She counterclaimed and requested a receiver to take control of the corporation. The parties agreed to transfer this case to the judge presiding over the dissolution.
The former wife then filed a verified motion to dismiss the appeal from the judgment of dissolution. This court denied the motion to dismiss, but ordered the former husband to post collateral of $25 million into the court registry "to secure the remainder of the equitable distribution payment required by the final judgment, should he not elect to pay the remainder in cash...." On November 3, 2003, this court clarified its order, directing the former husband to post a $25 million cash bond into the registry of the circuit court.
*787 The former husband posted the bond and moved for an automatic stay of that portion of the final judgment requiring him to pay $22,106,816. The trial court denied the stay indicating it lacked jurisdiction to grant the motion, but then granted the former wife's request for an appointment of a receiver. That order is the subject of another separate appeal. The former husband then filed this petition seeking to prevent the trial court from further proceedings in the receivership action.
Prohibition lies where a trial court is about to act in excess of its subject matter jurisdiction. Markham v. Moriarty, 575 So.2d 1307 (Fla. 4th DCA), cert. denied, sub. nom., 502 U.S. 968, 112 S.Ct. 440, 116 L.Ed.2d 458 (1991). Prohibition will not lie to compel the undoing of something already done, such as an order already entered. Bender v. First Fid. Sav. & Loan Ass'n of Winter Park, 463 So.2d 445 (Fla. 4th DCA 1985), approved, 491 So.2d 276 (Fla.1986). Thus, to the extent petitioner seeks prohibition of the order granting the motion to appoint receiver, prohibition does not lie. It does lie to prevent future action by the trial court.
The former husband argues that the underlying equitable distribution portion of the final judgment is a "money judgment" subject to the automatic stay provisions of Florida Rule of Appellate Procedure 9.310(b)(1). The rule provides that "[i]f the order is a judgment solely for the payment of money, a party may obtain an automatic stay of execution pending review, ... by posting a good and sufficient bond equal to the principal amount of the judgment plus twice the statutory rate of interest on judgments on the total amount on which the party has an obligation to pay interest." Fla. R.App. P. 9.310(b)(1). The former wife responds that the judgment is not "solely for the payment of money" because it also requires property to be marketed and sold with the proceeds to be distributed. We need not reach this issue because this court's prior stay order controls the disposition of this petition.
Whether automatic or discretionary, this court has previously ordered a stay conditioned on the posting of a substantial bond in the underlying appeal from the final judgment of dissolution. The former husband has posted the bond. This stayed any further action by the trial court that affects the final judgment of dissolution as it relates to equitable distribution. We must give effect to the prior stay order of this court. We therefore grant the petition and direct the trial court to refrain from any proceedings affecting the equitable distribution ordered in the final judgment of dissolution.
STEVENSON and GROSS, JJ., concur.