PER CURIAM.
We grant this petition for a writ of prohibition to prevent the trial court from proceeding in excess of its jurisdiction.
The underlying action is a medical malpractice claim falling within the exclusive remedy provided by the Florida Birth-Related Neurological Injury Compensation Plan (NICA Plan). See § 766.301-.316, Fla. Stat.
The trial court initially stayed the medical malpractice proceedings until an administrative law judge was able to determine whether the purported injury qualified as a compensable injury under the NICA Plan. The administrative law judge determined the injury was a com-pensable injury as defined by the NICA Plan, but that two of the defendants (one doctor and the hospital) failed to give the proper notice required by section 766.316, Florida Statutes. The order provided that compensation of $100,000.00 was due.
The trial court lifted the stay after the administrative order was issued, but the defendants timely filed notices of appeal from the administrative order. That appeal is currently pending before this court. The trial court subsequently denied a motion to reinstate the stay.
We conclude that the. trial court lacked jurisdiction to lift the stay in the underlying claim for medical malpractice, since exclusive jurisdiction was with the administrative law judge and the appeal from that decision was timely filed.
The NICA Plan provides the exclusive remedy for birth-related neurological injuries. See § 766.303(2), Fla. Stat. Further, section 766.304, Florida Statutes, provides that the administrative law judge has exclusive jurisdiction to determine whether a claim filed under the act is compensable as a birth-related neurological injury. §§ 766.304; 766.309(1)(a), Fla. Stat. If a patient is determined not to have received the proper notice of the physician’s participation in the NICA plan, then the NICA remedy is not exclusive and does not bar a civil action. Galen of Fla., Inc. v. Braniff 696 So.2d 308 (Fla.1997). This court has recognized that the administrative law judge is to make the determination of whether proper notice was given to preclude the claimant’s election of remedies (between a NICA award and civil damages). See Gugelmin v. Div. of Admin. Hearings, 815 So.2d 764 (Fla. 4th DCA 2002). See also Tabb ex rel. Tabb v. Fla. Birth-Related Neurological Injury Compensation Ass’n, 880 So.2d 1253 (Fla. 1st DCA 2004); Univ. of Miami v. M.A., 793 So.2d 999 (Fla. 3d DCA 2001); O’Leary v. Fla. Birth-Related Neurological Injury Comp. Ass’n, 757 So.2d 624 (Fla. 5th DCA 2000). But see Fla. Birth-Related Neurological Injury Comp. Ass’n v. Ferguson, 869 So.2d 686 (Fla. 2d DCA 2004).
The pending appeal also operates as a “suspension of the award” and no payment is required until “the questions at issue therein shall have been fully determined.” § 766.311(1X2), Fla. Stat. See also Fla. R.App. P: 9.190(e)(1) (indicates that a notice of filing an appeal to review the administrative action gives rise to an “automatic stay”).
*271 We recognize that, in the pending appeal of the administrative law judge’s decision this-court has denied a motion to stay the proceedings in the trial court, without indicating the basis for that denial. However, that denial of relief almost certainly was based on our recognition that the appropriate remedy was to seek the very relief in the trial court that we now review.
We conclude that to allow the trial court to proceed with the medical malpractice action, while this court is considering the appeal of the administrative decision which authorizes that malpractice action, defeats the purpose of the NICA statutes.
The legislature clearly intended that if claims were compensable under the NICA plan, the plan’s remedy was to be determined prior to any medical malpractice action. The legislature provided for .the tolling of the statute of limitations for filing of civil actions arising from birth-related injuries, presumably for the purpose of allowing determinations of whether the claims were covered under NICA. See § 766.306, Fla. Stat. Therefore, the decision of the administrative law judge is not final and enforceable until the appeal is complete. To allow otherwise would essentially defeat the right to an appeal.
The respondents argue, without citing authority, that a stay of the award only stays payment of the award to them and that it should not operate to stay a malpractice action. However, the monetary “award” and the factual findings from which it arises, including the fact that the notice given to the respondents was not proper, are part of the same order being appealed.
As the trial court erred in denying the petitioner’s motion to reinstate the stay, prohibition appears to be a proper remedy to prevent the trial court from proceeding beyond its jurisdiction. English v. McCrary, 348 So.2d 293, 296 (Fla.1977); see also Northbrook Prop. and Cas. Co. v. Colton, 641 So.2d 440, 442 (Fla. 4th DCA 1994) (holding prohibition relief is warranted to prevent the trial court from improperly exercising jurisdiction while an appeal is pending).
As we trust the trial court will act in conformity with this opinion, we withhold issuance of the writ.
STONE, SHAHOOD and TAYLOR, JJ, concur.