PER CURIAM.
We treat the filed petition as a petition for writ of prohibition and quash the circuit court’s amended stay order as it exceeds the circuit court’s jurisdiction.
This cause arises from a final order of the Boynton Beach Code Compliance Board relating to a code violation by Ralph and Rosie, Inc. (R & R), a restaurant business, in the construction of its Chickee Hut facility. It was found to be in violation of the Boynton Beach code. A March 2007 order of the Boynton Beach Code Compliance Board had certified a fine for failure to comply with an earlier board order. The order provided for a fine accruing at $500 per day until R & R came into compliance.
R & R filed an appeal from that order and an emergency motion for stay pending appeal with the Palm Beach circuit court. R & R claimed that the city now sought to revoke its occupational license. In a separate proceeding, the Boynton Beach zoning *655 and business tax manager had announced the intent to revoke R & R’s local business tax receipt/occupational license in May 2007, based on the code compliance board order. R & R appealed that decision to the Building Board of Adjustment and Appeals.
The city correctly points out that the matter before the circuit court in this case relates only to the order certifying a fine for the Chickee Hut and does not relate to the occupational license case proceeding separately.
Here, the circuit court’s original stay order provided, in part:
Appellee is restrained and enjoined from foreclosing on any liens which it may impose on Appellant’s property, revoking Appellant’s business tax/occupational license, or taking any other action which adversely affects the operation and carrying on of Appellant’s business or use of its property during the pen-dency of the appeal.
The stay order in this case has the effect of staying the occupational license revocation order, even though that order was not challenged in this case. The city moved for clarification of this order, arguing that the circuit court is limited in its stay authority to the order and proceedings under review and erred in reaching beyond this case to the penalties and order in the separate case.
In an amended stay order, the circuit court stated:
[The city] is restrained and enjoined from foreclosing on any liens which it may impose on Appellant’s property, revoking Appellant’s business tax/occupational license, or taking any other action relating to issues involved in this case which adversely affects the operation and carrying on of Appellant’s business or use of its property during the pen-dency of the appeal, [sic]
The order, even as clarified, effectively enjoins the city from enforcing the separate quasi-judicial occupational license revocation order in the separately proceeding appeal.
We conclude that the circuit court lacks authority to consider and stay the quasi-judicial order as to the occupational license, entered in a separate venue and not challenged in this case.
Prohibition lies to prevent a lower tribunal from proceeding in excess of its subject matter jurisdiction. See English v. McCrary, 348 So.2d 293 (Fla.1977); De Souza v. Ortiz, 901 So.2d 269 (Fla. 4th DCA 2005).
We note that the issue is not whether the circuit court has authority to impose a stay. See Fla. R. App. P. 9.310(a). Rather, the jurisdiction departure arises out of the extent of the stay order, as indicated. Thus, the circuit court exceeded its jurisdictional authority.
Although prohibition does not ordinarily lie from orders already entered, as it is prospective in nature, Markin v. Markin, 877 So.2d 785 (Fla. 4th DCA 2004), prohibition will lie to prevent future action by the trial court, and we view the city’s challenge as directed to future enforcement of this stay order.
We, therefore, quash the stay order and remand for further proceedings.
SHAHOOD, C.J., STONE and MAY, JJ, concur.