902 So.2d 271 (2005)
Rachel DEPART, CNM, Appellant,
v.
Nicodemo MACRI and Joni Macri, Individually, and as Parents, Natural Guardians and Personal Representatives of the Estate of Jena Macri, deceased; Florida Birth-Related Neurological Injury Compensation Association; David O'Bryan, M.D., and Clements and Ashmore, P.A., d/b/a North Florida Women's Care, Appellees.
No. 1D04-1496.
District Court of Appeal of Florida, First District.
May 23, 2005.
*272 Harold R. Mardenborough, Jr., and Douglas P. Jones of McFarlain & Cassedy, P.A., Tallahassee, for Appellant.
Donald M. Hinkle of Hinkle & Foran, Tallahassee, for Appellees Macri; Wilbur E. Brewton, General Counsel and Kelly B. Plante of Roetzel & Andress, L.P.A., Tallahassee, for Appellee Florida Birth-Related Neurological Injury Compensation Association.
WEBSTER, J.
Appellant, a certified nurse midwife, seeks review of a final order entered by an administrative law judge following a hearing held pursuant to section 766.304, Florida Statutes (2000), to determine compensability from the Florida Birth-Related Neurological Injury Compensation Association for a "birth-related neurological injury." We have jurisdiction. See art. V, § 4(b)(2), Fla. Const.; § 766.311(1), Fla. Stat. (2000). The sole issue appellant presents is whether the administrative law judge had jurisdiction to consider and rule on her claim that she is immune from a civil action for damages by virtue of the provisions of section 766.303(2), Florida Statutes (2000). Because we conclude that the administrative law judge correctly determined that he did not possess jurisdiction to address that issue, we affirm.
Article V, section 1, of our constitution permits the legislature to grant to "administrative officers or bodies" "quasi-judicial power in matters connected with the functions of their offices." See generally Verdi v. Metro. Dade County, 684 So.2d 870, 874 (Fla. 3d DCA 1996) (stating that, pursuant to article V, section 1, of the state constitution, Dade County, "as a legislative body[,] would have clear authority to utilize hearing officers to enforce its codes as long as such enforcement proceedings are only quasi-judicial in nature"). It has done so as to administrative law judges generally in chapter 120, Florida Statutes. However, to determine the extent of that delegation as to matters related to entitlement to payment from the Florida Birth-Related Neurological Injury Compensation Association for a "birth-related neurological injury," we must look to the statutes that address that subject. Our standard of review is de novo. See, e.g., Racetrac Petroleum, *273 Inc. v. Delco Oil Inc., 721 So.2d 376, 377 (Fla. 5th DCA 1998) ("judicial interpretation of Florida statutes is a purely legal matter and therefore subject to de novo review").
Section 766.304, Florida Statutes (2000), states that "[t]he administrative law judge has exclusive jurisdiction to determine whether a claim filed under this act is compensable." The next sentence of that section directs the reader to section 766.309 for a list of the issues that must be resolved by the administrative law judge to reach a determination regarding compensability. Section 766.309, in turn, directs the administrative law judge to decide (1) "[w]hether the injury claimed is a birth-related neurological injury," as that term is defined in section 766.302(2); (2) "[w]hether obstetrical services were delivered by a participating physician in the course of labor, delivery, or resuscitation in the immediate postdelivery period in a hospital; or by a certified nurse midwife in a teaching hospital supervised by a participating physician in the course of labor, delivery, or resuscitation in the immediate postdelivery period in a hospital"; and (3) "[h]ow much compensation, if any, is awardable pursuant to s[ection] 766.31." § 766.309(1)(a)-(c), Fla. Stat. (2000). Here, the administrative law judge decided each of the three issues listed in section 766.309(1). However, finding nothing in the act permitting him to rule on appellant's claim that she is immune from a civil action for damages by virtue of the provisions of section 766.303(2), the administrative law judge declined to do so.
Appellant acknowledges that section 766.309(1) directs the administrative law judge to make findings as to the three issues listed there. She also concedes that there is no explicit language in the act giving the administrative law judge jurisdiction to rule on claims that, because of section 766.303(2), one is immune from a civil action for damages. Instead, she argues that there is nothing in the act that expressly precludes the administrative law judge from ruling on such an issue. She also argues that permitting the issue of immunity to be decided in the administrative proceeding would be more efficient than would requiring that the issue be resolved in a civil action in circuit court.
Of course, our job is to attempt to determine the legislature's purpose in enacting legislation, and to give effect to that purpose. Generally, such purpose is gleaned from the language used in the legislation. E.g., Donato v. Am. Tel. & Tel. Co., 767 So.2d 1146, 1150 (Fla.2000). The wisdom of the legislation is of no concern to us; nor is the fact that we might think it can be improved. As we have said before, "[t]his court is without power to construe an unambiguous statute in a way which would extend, modify, or limit its express terms or its reasonable and obvious implications. To do so would be an abrogation of legislative power." Am. Bankers Life Assurance Co. of Fla. v. Williams, 212 So.2d 777, 778 (Fla. 1st DCA 1968). There is nothing in the act that can fairly be read as conferring on administrative law judges jurisdiction to rule upon claims that, because of section 766.303(2), one is immune from a civil action for damages. In the absence of any language reasonably demonstrating such an intent, we decline appellant's invitation to rewrite the act to include such jurisdiction. If, in fact, that was the legislature's intent, it should amend the act to make its intent clear.
We note that the district courts of appeal are divided on the somewhat related *274 issue of whether the administrative law judge has jurisdiction to decide whether the obstetrical patient was given the notice required by section 766.316 of the healthcare provider's participation in the Florida Birth-Related Neurological Injury Compensation Plan. All except the Second District have concluded that the judge does have such jurisdiction. Compare Behan v. Fla. Birth-Related Neurological Injury Comp. Ass'n, 664 So.2d 1173 (Fla. 4th DCA 1995), O'Leary v. Fla. Birth-Related Neurological Injury Comp. Ass'n, 757 So.2d 624 (Fla. 5th DCA 2000), Univ. of Miami v. M.A., 793 So.2d 999 (Fla. 3d DCA 2001), and Tabb v. Fla. Birth-Related Neurological Injury Comp. Ass'n, 880 So.2d 1253 (Fla. 1st DCA 2004), with All Children's Hosp., Inc. v. Dep't of Admin. Hearings, 863 So.2d 450 (Fla. 2d DCA 2004). However, those decisions do not dictate the outcome here, and there is no disagreement among those courts that have addressed the issue with which we are presented. Both the Second and the Fourth Districts have held that the act does not give administrative law judges jurisdiction to decide claims of immunity. All Children's Hosp., Inc. v. Dep't of Admin. Hearings, 863 So.2d 450, 456 (Fla. 2d DCA 2004) ("[t]here is nothing in section 766.309 or elsewhere in [the act] that gives the [administrative law judge] any responsibility or authority to determine ... that a provider is or is not entitled to invoke the immunity from tort liability provided for in section 766.303(2)"); Gugelmin v. Div. of Admin. Hearings, 815 So.2d 764, 767 (Fla. 4th DCA 2002) ("there is nothing in th[e] statutory scheme that gives the [administrative law judge] authority to determine the impact of its compensability findings upon a claimant's common law rights and remedies"). We now align ourselves with those districts on this issue.
The administrative law judge's final order is affirmed.
AFFIRMED.
BENTON and POLSTON, JJ., concur.