LEWIS, J.
Appellants/cross-appellees, the Florida Birth-Related Neurological Injury Compensation Association (“NICA”), Plantation General Hospital, Dr. John L. Rinella, Dr. Joaquin Taranco, and each doctor’s professional association, seek review of a final order entered by the administrative law judge (“ALJ”) on a petition for benefits filed by appellees/cross-appellants, Bassam and Rayya Abifaraj, pursuant to *1128 the Florida Birth-Related Neurological Injury Compensation Plan (“NICA plan”) contained in sections 766.301-766.316, Florida Statutes (1997). Appellants raise two issues on appeal, only one of which warrants discussion. On cross-appeal, ap-pellees raise two additional issues, neither of which warrants discussion. Appellants argue that the ALJ erred in determining that he was without jurisdiction to rule upon appellees’ claim that the NICA plan was not their exclusive remedy because of the willful and wanton exception enumerated in section 766.303(2), Florida Statutes (1997). Because we find that the ALJ properly found that he lacked jurisdiction to determine the applicability of the willful and wanton exception to NICA plan exclusivity, we affirm.
Appellees initially filed a medical malpractice lawsuit in the circuit court against appellants Plantation General Hospital, Dr. Rinella, Dr. Taranco, and each doctor’s professional association, seeking damages for the wrongful death of their baby, Sam-er Abifaraj, and for physical injury to Ray-ya Abifaraj caused by the rupture of her uterus. The circuit court entered an order abating appellees’ claims until the necessary determinations under section 766.304, Florida Statutes, were made by the ALJ. Appellees subsequently filed a petition for benefits under the NICA plan with the Division of Administrative Hearings, in which they asserted that the NICA plan was not their exclusive remedy because there was clear and convincing evidence that the healthcare providers acted with willful and wanton disregard for human rights, safety, or property and because they did not receive the statutorily required notice of Dr. Rinella’s participation in the NICA plan. Appellant NICA, which administers the NICA plan, responded to the petition and agreed that the claim was compensable. After determining that appellees’ claim was compen-sable under the NICA plan and that Dr. Rinella provided adequate notice while the hospital did not, the ALJ found that he was without jurisdiction to decide the willful and wanton issue. This appeal followed.
We review an ALJ’s interpretation of the NICA plan de novo. Schur v. Fla. Birth-Related Neurological, 832 So.2d 188 (Fla. 1st DCA 2002). As amended in 1998, section 766.304, Florida Statutes, grants the ALJ exclusive jurisdiction to determine whether a claim for NICA plan benefits is compensable and references section 766.309 for a list of issues that the ALJ must decide in determining compensability.[1] Section 766.309(1), Florida Statutes (1997), provides that the ALJ must make the following determinations: (a) “[w]hether the injury claimed is a birth-related neurological injury,” (b) “[wjhether obstetrical services were delivered by a participating physician in the course of labor, delivery, or resuscitation in the immediate postdelivery period in a hospital,” and (c) “[h]ow much compensation, if any, is awardable,” pursuant to section 766.31. The ALJ also has jurisdiction to make factual findings concerning whether the notice requirement found in section 766.316[2] has been satisfied. Tabb v. Fla. Birth-Related Neurological Injury *1129 Comp. Ass’n, 880 So.2d 1253, 1258 (Fla. 1st DCA 2004); Univ. of Miami v. M.A., 793 So.2d 999, 1000 (Fla. 3d DCA 2001); O’Leary v. Fla. Birth-Related, Neurological Injury Comp. Ass’n, 757 So.2d 624, 627 (Fla. 5th DCA 2000). This is because, as a condition precedent to invoking the NICA plan as a patient’s exclusive remedy, healthcare providers must show that they provided the patient with timely notice of their participation in the plan. See Galen of Fla., Inc. v. Braniff, 696 So.2d 308, 309 (Fla.1997).
Section 766.303(2), Florida Statutes (1997), provides:
The rights and remedies granted by this plan on account of a birth-related neurological injury shall exclude all other rights and remedies of such infant, her or his personal representative, parents, dependents, and next of kin, at common law or otherwise, against any person or entity directly involved with the labor, delivery, or immediate postdelivery resuscitation during which such injury occurs, arising out of or related to a medical negligence claim with respect to such injury; except that a civil action shall not be foreclosed tvhere there is clear and convincing evidence of bad faith or malicious purpose or willful and wanton disregard for human rights, safety, or property, provided that such suit is filed prior to and in lieu of payment of an award under ss. 766.301-766.316. Such suit shall be filed before the award of the division becomes conclusive and binding as provided for in s. 766.311.
(Emphasis added). Appellants argue that permitting the willful and wanton issue to be decided in the administrative proceeding would be more efficient than would requiring that the issue be resolved in a civil action in circuit court. However, the statute does not specify what entity has jurisdiction to decide the applicability of the willful and wanton exception to NICA plan exclusivity.
 Although it has been determined that the ALJ is without jurisdiction to decide whether a healthcare provider is entitled to immunity from civil suit under the NICA plan, see Depart v. Macri, 902 So.2d 271 (Fla. 1st DCA 2005); Gugelmin v. Division of Administrative Hearings, 815 So.2d 764 (Fla. 4th DCA 2002), the more specific but related issue of the ALJ’s jurisdiction over the willful and wanton exception to NICA plan exclusivity is one of first impression. “Subject matter jurisdiction, which arises only as a matter of law, cannot be created by waiver, acquiescence or agreement of the parties, by error or inadvertence of the parties or their counsel, or by the exercise of the power of the court.” Seven Hills, Inc. v. Bentley, 848 So.2d 345, 350 (Fla. 1st DCA 2003). An administrative agency has only such power as granted by the Legislature and may not expand its own jurisdiction. State, Dep’t of Envtl. Regulation v. Falls Chase Special Taxing Dist., 424 So.2d 787, 793 (Fla. 1st DCA 1982). Nothing in the plain language of section 766.303(2), Florida Statutes (1997), can be read as granting the ALJ jurisdiction to rule upon the applicability of the willful and wanton exception to NICA plan exclusivity. See Depart, 902 So.2d 271 (focusing on the absence of language in the statute conferring jurisdiction upon the ALJ to rule on claims that a healthcare provider is immune from a civil action pursuant to section 766.303(2) in thus concluding that the ALJ is without such jurisdiction). Where the plain and ordinary meaning of statutory language is unambiguous, we cannot construe the statute in a manner that would extend, modify, *1130 or limit its express terms or its reasonable and obvious implications. Crutcher v. Sch. Bd. of Broward County, 834 So.2d 228, 232 (Fla. 1st DCA 2002); Am. Bankers Life Assurance Co. of Fla. v. Williams, 212 So.2d 777, 778 (Fla. 1st DCA 1968). “[I]t is a basic principle of statutory construction that courts ‘are not at liberty to add words to statutes that were not placed there by the Legislature.’ ” Seagrave v. State, 802 So.2d 281, 287 (Fla.2001) (quoting Hayes v. State, 750 So.2d 1, 4 (Fla.1999)). Administrative construction of a statute, the legislative history of the statute’s enactment, and other extraneous matters are properly considered only when the construction of a statute results in a doubtful meaning. Donato v. Am. Tel. & Tel. Co., 767 So.2d 1146, 1153 (Fla.2000). If, as appellants contend, the Legislature intended to confer jurisdiction over the willful and wanton issue to the ALJ, it could have done so. However, under the plain meaning of the statute as written, the ALJ properly determined that he did not have jurisdiction to decide the willful and wanton issue.
Accordingly, we AFFIRM the final order.
KAHN, C.J.; BROWNING, J„ concur.

. Although the incident giving rise to appel-lees' claim, Samer’s birth, occurred in 1997, the 1998 amendment applies retroactively to all NICA plan claims filed after July 1, 1998, regardless of the date of birth. See Ch. 98-113, § 6, at 814-15, Laws of Fla.

. Section 766.316, Florida Statutes (1997), provides, that "[e]ach hospital with a participating physician on its staff and each participating physician ... shall provide notice to the obstetrical patients thereof as to the limited no-fault alternative for birth-related neurological injuries. Such notice shall be provided on forms furnished by the association and *1129 shall include a clear and concise explanation of a patient's rights and limitations under the plan."