PER CURIAM.
In this workers’ compensation appeal, Delgado, the former employee of appellee, A. Garcia Harvesting, Inc., appeals an order directing him to submit to monthly job interviews for the purpose of aiding him in his vocational rehabilitation. Delgado, who had previously been accepted by the employer and carrier, FCCI (respectively, the E/C), as permanently and totally disabled, argues that there is no provision in chapter 440, Florida Statutes, authorizing the judge of compensation claims (JCC) to order him to conduct such interviews, and we agree.
Because the procedure for conducting vocational assessments after an *79 employee is accepted as entitled to compensation is governed by section 440.15(l)(e), Florida Statutes (2002), our standard of review is de novo. See e.g., Depart v. Macri, 902 So.2d 271 (Fla. 1st DCA 2005). That statute explicitly provides that the employer’s right to conduct vocational evaluations must be carried out pursuant to section 440.491, which specifies how a carrier may obtain a re-employment assessment for a claimant who has suffered catastrophic or serious injury, and then re-employment services if the rehabilitation provider recommends such services. Once those conditions have been satisfied, the employee may be subjected to no more than annual interviews. Because there is no showing in the case at bar that there was ever a re-employment assessment or recommendation of re-employment services,[1] the JGC erred as a matter of law by directing Delgado to attend .monthly job interviews.
REVERSED.
ERVIN, BARFIELD and VAN NORTWICK, JJ„ concur.

. Although, there is no transcription of the hearing on the E/C’s motion to compel Delgado's attendance at job interviews, the E/C acknowledges that the JCC did not consider any evidence at the hearing below, but only heard legal argument, and that the findings of the JCC were based on issues of law and not of facts.