BENTON, J.
 

 The Department of Revenue (DOR) appeals a final order entered by an Administrative Law Judge (ALJ), contending that neither the ALJ nor the Division of Administrative Hearings (DOAH) had subject matter jurisdiction to require the mother on whose behalf DOR had initiated a proceeding under section 409.2563, Florida
 
 *918
 
 Statutes (2009), to pay child support, where DOR had not referred that question for adjudication and, indeed, lacked any authority to order support payments from a parent for whom it was acting, a parent who is, after all, statutorily denominated “the parent from whom support is not being sought.” § 409.2563(4), Fla. Stat. (2009). We agree and reverse.
 
 [1]
 

 “An administrative agency has only such power as granted by the Legislature and may not expand its own jurisdiction.”
 
 Rinella v. Abifaraj,
 
 908 So.2d 1126, 1129 (Fla. 1st DCA 2005) (citing
 
 State, Dep’t of Envtl. Regulation v. Falls Chase Special Taxing Dist.,
 
 424 So.2d 787, 793 (Fla. 1st DCA 1982)). Whether a lower tribunal had subject matter jurisdiction is a question of law which we review
 
 de novo. See Seven Hills, Inc. v. Bentley,
 
 848 So.2d 345, 350 (Fla. 1st DCA 2003). “[L]ack of subject matter jurisdiction may be raised for the first time on appeal.”
 
 MCR Funding v. CMG Funding Corp.,
 
 771 So.2d 32, 35 (Fla. 4th DCA 2000). The cases are also clear that “[s]ubject matter jurisdiction may not be conferred upon the court [or other lower tribunal] by the consent of the parties,”
 
 id.,
 
 much less by their mere acquiescence.
 

 As the state agency responsible for administration of the child support enforcement program under Title IV of the Social Security Act, § 409.2557(1), Fla. Stat. (2009) — see 42 U.S.C. §§ 651-669b (2006) — DOR has the authority to establish child support obligations administratively, absent any preexisting (or superseding) judicial determination:
 

 (a) It is not the Legislature’s intent to limit the jurisdiction of the circuit courts to hear and determine issues regarding child support. This section is intended to provide [DOR] with an alternative procedure for establishing child support obligations in Title IV-D cases in a fair and expeditious manner when there is no court order of support....
 

 (b) The administrative procedure set forth in this section concerns only the establishment of child support obligations. This section does not grant jurisdiction to [DOR] or [DOAH] to hear or determine issues of dissolution of marriage, separation, alimony or spousal support, termination of parental rights, dependency, disputed paternity, except for a determination of paternity as provided in s. 409.256, or award of or change of time-sharing. This paragraph notwithstanding, [DOR] and [DOAH] may make findings of fact that are necessary for a proper determination of a parent’s support obligation as authorized by this section.
 

 § 409.2563(2), Fla. Stat. (2009). Section 409.2563, Florida Statutes, lays out the procedure DOR must follow to establish child support obligations administratively.
 
 [2]
 
 After freeform administrative proceedings within DOR, disputed issues of material fact may be resolved in a formal administrative hearing at DOAH.
 

 In the present case, DOR was proceeding on behalf of Wendy R. Smith, who had
 
 *919
 
 applied to DOR for assistance in obtaining support for her child
 
 [3]
 
 from Ephraim Selles, whom she alleged to be the child’s father.
 
 [4]
 
 DOR complied with the statutory mandate to “provide to the parent from whom support is not being sought and serve the parent from whom support is being sought with a notice of proceeding to establish administrative support order and a blank financial affidavit form.” § 409.2563(4), Fla. Stat. (2009). DOR then calculated Mr. Selles’s “child support obligation under the child support guidelines schedule as provided by s. 61.30, based on any timely financial affidavits received and other information available to the department.” § 409.2563(5)(a), Fla. Stat. (2009). Again in conformity with statutory directives, DOR sent “to both parents ... copies of the proposed administrative support order, its completed child support worksheet, and any financial affidavits submitted by a parent or prepared by the department.” § 409.2563(5)(b), Fla. Stat. (2009).
 

 DOR’s Proposed Order of Paternity and Administrative Support proposed requiring Mr. Selles to pay child support in the amount of $357.60 each month. As it had to, the proposed support order included a notice of rights, including the right to a hearing, for “the parent from whom support is being sought.” § 409.2563(5)(c), Fla. Stat. (2009). When Mr. Selles requested a hearing, DOR forwarded his request to DOAH, which assigned the case to an administrative law judge who set the matter for hearing on January 26, 2010, to determine the issue “[a]s set forth in the proposed order.”
 
 See
 
 § 409.2563(6), Fla. Stat. (2009) (“If the parent from whom support is being sought files a timely request for hearing, [DOR] shall refer the hearing request to [DOAH].”). In this way, the ALJ acquired final order authority to “issue an administrative support order, or a final order denying an administrative support order.” § 409.2563(7)(a), Fla. Stat. (2009).
 

 At the hearing,
 
 [5]
 
 Ms. Phillips, the child’s maternal grandmother, testified that the child had been living with her for the past two years. The ALJ decided that Ms. Phillips was the child’s caregiver, and that both Mr. Selles and Ms. Smith should pay
 
 *920
 
 child support to her. Concluding that Ms. Smith was on adequate notice that she herself might be ordered to make support payments, because Mr. Selles had filed a motion to compel her to establish arrear-ages and contribute to support, the ALJ entered a Final Administrative Paternity and Support Order that required Mr. Selles to pay $364 a month to Ms. Phillips and that purported to require Ms. Smith to pay Ms. Phillips $262 per month.
 

 On the present appeal, DOR contends that the ALJ lacked jurisdiction to require any payment of Ms. Smith, the child’s mother, or to order any payments to Ms. Phillips, the child’s grandmother. We agree with DOR’s first contention, but not with the second.
 

 Section 409.2563 differentiates between “the parent from whom support is being sought” and “the parent from whom support is not being sought.” The statute requires DOR to calculate the child support obligation only of “the parent from whom support is being sought.” This calculation
 
 [6]
 
 forms the basis of the proposed administrative support order DOR then issues. The statute confers on “the parent from whom support is being sought” the right to appeal the proposed support order. The statute does not give anyone else the right to request a hearing before DOAH; or confer authority on DOR to litigate or on DOAH to adjudicate any other potential obligor’s rights. The statute contemplates only one parent’s support obligation’s being determined in the hearing at DOAH — that of “the parent from whom support is being sought.” § 409.2563(4), Fla. Stat. (2009).
 

 Insofar as the order under review requires support payments from Wendy R. Smith, it has to be reversed. “This Court must interpret statutes by the well-established norms of statutory construction which require rendering the statutory provisions meaningful.”
 
 Crutcher v. Sch. Bd. of Broward County,
 
 834 So.2d 228, 232 (Fla. 1st DCA 2002). Within the meaning of section 409.2563, Ms. Smith is plainly “the parent from whom support is not being sought,” not “the parent from whom support is being sought.” “Where the plain and ordinary meaning of statutory language is unambiguous, we cannot construe the statute in a manner that would extend, modify, or limit its express terms or its reasonable and obvious implications.”
 
 Rinella,
 
 908 So.2d at 1129-30.
 

 But the same and similar principles of statutory construction require rejection of DOR’s second contention on appeal,
 
 viz.,
 
 that the ALJ lacked statutory authority to direct that the child support payments for which Mr. Selles was obligated be paid to Ms. Phillips for the child’s benefit, not to Ms. Smith. Under section 409.2563(2)(c), DOR initiated the administrative proceedings below on behalf of the child’s mother, not the child’s grandmother, so DOR can be said to have been proceeding on behalf of Ms. Smith, not on behalf of Ms. Phillips. DOR (or an ALJ acting on its behalf) has
 
 *921
 
 clear statutory authority nevertheless, whenever it determines
 
 [7]
 
 “in a Title IV-D case that a child for whom a support order has been entered by a tribunal of this state resides with a person other than the obli-gee or obligor,” to (re)direct payments from the person obligated for child support to the person with whom the child resides.
 
 See
 
 § 409.2558(8), Fla. Stat. (2009). This provision does not, however, contain language allowing DOR (or an ALJ in its stead) to order a child support payment obligee
 
 (ie.,
 
 “the parent from whom payment is not being sought,”) to make payments to a third person with whom the child resides.
 
 Id.
 
 Although a caretaker relative may end up receiving the child support payments, the Legislature has designed an administrative mechanism in Title IV-D cases that relies, as a practical matter, on one parent’s coming forward to secure child support payments from the other,
 
 [8]
 
 and contemplates DOR’s taking sides.
 

 Unlike DOR, courts do not represent one parent in proceedings against the other, and are under no constraints in ordering both parents to pay child support in a single proceeding. “Support is a dual obligation owed by both biological parents to their child from the moment of the child’s birth.
 
 See Armour v. Allen,
 
 377 So.2d 798 (Fla. 1st DCA 1979).”
 
 Morris v. Swanson,
 
 940 So.2d 1256, 1257 (Fla. 1st DCA 2006). While creating a supplemental administrative process, section 409.256(2)(f), Florida Statutes (2009), makes clear that the courts remain open:
 

 This section is intended to provide [DOR] with an alternative procedure for establishing paternity and child support obligations in Title IV-D cases. This section does not prohibit a person who has standing from filing a civil action in circuit court for a determination of paternity or of child support obligations.
 

 The Proposed Order of Paternity and Administrative Support Mr. Selles originally received advised him that he “or the custodial parent may file a civil action in an appropriate circuit court at any time to determine your support obligations, if any.” Section 409.2563(2)(d), Florida Statutes (2009), provides: “Either parent, or a caretaker relative if applicable, may at any time file a civil action in a circuit court having jurisdiction and proper venue to determine parental support obligations, if any. A support order issued by a circuit court prospectively supersedes an administrative support order rendered by the department.” Judicial remedies remain available.
 

 The order under review is affirmed insofar as it redirects Mr. Selles’s child sup
 
 *922
 
 port payments to Ms. Phillips, but reversed insofar as it orders Ms. Smith to make child support payments.
 

 PADOVANO and CLARK, JJ., concur.
 

 [1]
 

 . We reject a second DOR contention, viz., that the ALJ had no authority to redirect the child’s father’s child support payments to make them payable, not to the child’s mother, but to the child's grandmother with whom the child resides. The statute authorizes such redirection "in a Title IV-D case [where] a child for whom a support order has been entered by a tribunal of this state resides with a person other than the obligee or obligor.” § 409.2558(8), Fla. Stat. (2009).
 

 [2]
 

 . Section 409.256, Florida Statutes (2009), applies to proceedings to establish both the fact of paternity and the amount of child support.
 
 See
 
 § 409.256(4)(b), Fla. Stat. (2009).
 

 [3]
 

 . Wendy R. Smith applied to DOR for child support enforcement services for her minor child, and named Ephraim Selles the father of the child in a paternity declaration. After receipt of genetic test results indicating that he was the biological father of the child, DOR sent Mr. Selles a Notice of Proceeding to Establish Administrative Support Order, apprising him that DOR would review financial affidavits it had requested from both parents (along with all other available, reliable information), then prepare a Proposed Order of Paternity and Administrative Support, based on the child support guidelines in section 61.30, Florida Statutes.
 

 [4]
 

 . DOR "may establish a parent’s child support obligation,” by proceeding on behalf of:
 

 1. An applicant or recipient of public assistance, as provided by ss. 409.2561 and 409.2567;
 

 2. A former recipient of public assistance, as provided by s. 409.2569;
 

 3. An individual who has applied for services as provided by s. 409.2567;
 

 4. Itself or the child, as provided by s. 409.2561; or
 

 5. A state or local government of another state, as provided by chapter 88.
 

 § 409.2563(2)(c), Fla. Stat. (2009).
 

 [5]
 

 .When Mr. Selles returned the financial forms to DOR, he wrote on both of them that Ms. Smith was not the child’s "custodial parent” because the child had been living, not with Ms. Smith, but with Hazel Phillips, Ms. Smith’s mother (the child's grandmother), for the past two years. By the time of the hearing, both DOR and Ms. Smith were aware of his contention, and neither contested it. This circumstance does not defeat the standing either of Wendy R. Smith or of DOR.
 
 See D.F. v. Dep’t of Revenue ex rel. L.F.,
 
 736 So.2d 782, 784 (Fla. 2d DCA 1999).
 

 [6]
 

 . The formula for calculating the child support obligation of the parent from whom support is being sought requires, to be sure, information about both parents' finances, and yields results with implications for both parents.
 

 Section 61.30 contains the child support guidelines.
 

 The trier of fact may order payment of child support ... after considering all relevant factors, including the needs of the child or children, age, station in life, standard of living, and die financial status and ability of each parent.
 

 § 61.30(l)(a), Fla. Stat. (2009). "[T]he department may establish a parent’s child support obligation pursuant to this section, s. 61.30, and other relevant provisions of state law.” § 409.2563(2)(c), Fla. Stat. (2009).
 

 [7]
 

 . The parties virtually stipulated that the child lived with Ms. Phillips, not Ms. Smith. No party raised any objection as to the adequacy of notice of Mr. Selles’s position that Ms. Phillips, not Ms. Smith, was taking care of the child; or complained concerning DOR’s free-form consideration of (or the extent of its opportunity to consider) this issue.
 

 [8]
 

 . As DOR concedes, a relative caregiver (like Ms. Phillips) can apply to the department for child support services, and DOR can act on her behalf to obtain support from both parents. It is also clear that there is no attorney-client relationship between DOR and the child support obligee.
 
 See
 
 § 409.2567(2), Fla. Stat. (2009). It is conceivable that DOR, having acted on behalf of one parent in one proceeding, could represent the other parent, after the original proceedings terminated: There could be a change in custody or the other parent could seek assistance in initiating new proceedings to modify a support order.
 
 See
 
 Barbara Glesner Fines,
 
 From Representing "Clients” to Serving "Recipients": Transforming the Role of the TV-D Child Support Enforcement Attorney,
 
 67 Fordham L.Rev. 2155, 2182 (1999). But nothing in the statutory scheme contemplates DOR's acting in the same proceeding on behalf of both parents.