PER CURIAM.
The Department of Revenue (Department) appeals a Final Administrative Paternity and Support Order rendered after a hearing before the Division of Administrative Hearings (DOAH), determining the obligation of the Appellee Jason Chaney (father) to pay child support for his minor child. The Department contends that the administrative law judge (ALJ) erred by using the income of the child’s caregiver, the child’s maternal grandmother — instead of the income of the mother — when calculating father’s child support obligation. This was error. We, therefore, reverse and remand for further proceedings consistent with this opinion.
Facts and Procedural History
Lisa Roberson, the caregiver and maternal grandmother of the minor child, applied to the Department’s child support enforcement division for an order to obtain child support from the biological father of the child. The grandmother did not seek child support from her daughter, the mother of the child. In support of the grandmother’s application for child support, the mother completed an affidavit listing Jason A. Chaney as the possible father. After being served by the Department, Chaney *884 appeared for genetic testing. The test results established that there was a 99.92% probability that Chaney was the father of the child. Thereafter, the Department filed a Notice of Proceeding to Establish Administrative Support Order to require Chaney, as the non-custodial parent, to pay child support and/or provide health care coverage for the child. The Department provided Chaney with a Proposed Order of Paternity and Administrative Support, and Chaney requested an administrative hearing.
At the hearing, the mother testified that both she and her child resided with the mother’s parents. Although she works part-time, the mother testified that both she and the child are dependent upon her parents for support.
Chaney’s counsel stipulated that Chaney was the father. The father testified regarding his employment and income.
The maternal grandmother testified that the child has resided in her home since August 2005, with the agreement of the child’s parents. The grandmother does not have legal custody. The grandmother also testified regarding her employment and income.
Following the testimony of the parties, the ALJ inquired of counsel whose income — the mother’s income or the grandmother’s income — should be considered for the purposes of determining the father’s child support obligation. The father’s counsel asserted that the grandmother’s income should be used because the grandmother is the petitioner and the child resides with the grandmother. The Department asserted that only the income of the parents is relevant to the determination of child support, and that the grandmother was merely acting as a caregiver for the child.
The ALJ accepted the argument by the father’s counsel and considered the grandmother’s income in establishing its order determining the father’s child support obligation. In doing so, the ALJ erred. Analysis
The Department of Revenue has been designated by the Legislature as the state agency responsible for the administration of the child support enforcement program, Title IV-D of the Social Security Act, 42 U.S.C. ss. 651 et seq. § 409.2557(1), Fla. Stat. The Department is authorized to take actions necessary to ensure that children are supported from the resources of their parents to the extent possible, including the establishment of paternity or support obligations. § 409.2557(2), Fla. Stat. Child support orders may be obtained through an action in circuit court, or through an administrative procedure initiated by the Department. § 409.2563(2), Fla. Stat.; see also Dep’t of Revenue ex rel. Smith v. Selles, 47 So.3d 916, 918 (Fla. 1st DCA 2010). In cases where the Department seeks to establish a support order through the administrative procedure, the obligor parent may challenge the order by requesting a hearing before DOAH. § 409.2563(6), Fla. Stat.
Once the Department initiates the process to administratively establish paternity and child support obligations, the statute requires each parent to furnish a financial affidavit. § 409.2563(13)(a), Fla. Stat. In contrast, caregivers are not required to provide a financial affidavit. § 409.2563(13)(a), Fla. Stat. The statute requires that the Department use the parent’s affidavits, along with other information available to the Department, when calculating the child support obligation owed by the parent from whom support is sought under the section 61.30 child support guidelines. § 409.2563(5)(a), Fla. Stat. Thus, it is evident that the income of the parents — not the income of the caregiver — is to be used when calculating the child support guidelines under chapter 409. *885 See D.F. v. Dep’t of Revenue ex rel. L.F., 736 So.2d 782, 784 (Fla. 2d DCA 1999) (concluding that even if the child still resided with the grandparents, the “child support guidelines were properly calculated without the grandparents’ joinder based upon the incomes of the two parents responsible for the support of the child).
This conclusion is further supported by the Legislature’s intent expressed in Chapter 409, providing that children should be supported by the resources of their parents:
It is declared to be the public policy of this state that this act be construed and administered to the end that children shall be maintained from the resources of their parents, thereby relieving, at least in part, the burden presently borne by the general citizenry through public assistance programs.
§ 409.2551, Fla. Stat. (emphasis added); see also § 409.2561(1), Fla. Stat. (referencing the “public necessity for ensuring that dependent children be maintained from the resources of their parents”). Further, chapter 409 contains multiple references to the parent’s — not caregiver’s — financial affidavits in connection with the establishment of a child support obligation. See, e.g., § 409.2563(4)(c), Fla. Stat.; § 409.2563(4)(g), Fla. Stat.; § 409.2563(5)(a), Fla. Stat.; § 409.2563(5)(b), Fla. Stat. Similar references to the parent’s — not caregiver’s— financial information is found within section 61.30, Florida Statutes, which sets forth the guidelines for the determination of child support. See § 61.30(2), Fla. Stat.; § 61.30(2)(b), Fla. Stat.; § 61.30(9), Fla. Stat.; § 61.30(10), Fla. Stat. Thus, the clear statutory directives demonstrate that it is income of the non-obligor parent that should be used when determining the child support obligation for the obligor parent, not the income of the caregiver.
Because the ALJ improperly considered the income of the caregiver grandmother when determining the child support obligation of the father, we reverse and remand for further proceedings consistent with the opinion.
REVERSED AND REMANDED.
ROBERTS, WETHERELL, and ROWE, JJ., concur.