PER CURIAM.
Kevin McGuire appeals from a final order of the Florida Commission on Human Relations dismissing for lack of jurisdiction his claim alleging disability discrimination. We review the Commission’s order de novo and reverse. See Dep’t of Revenue ex rel. Smith v. Selles, 47 So.3d 916 (Fla. 1st DCA 2010).
Mr. McGuire filed a complaint alleging disability discrimination. He had made a reservation to stay in a wheelchair-accessible room at the Peabody Orlando hotel, and alleged that when he arrived to check in on June 14, 2010, the registration counter was not accessible. He was shown three different rooms but alleged that none of them had an accessible bathroom, so he went to another hotel. The hotel filed a response to the Commission’s request for information.
In an Investigative Memorandum, the Commission found that the allegations in the complaint related to the design, construction, and accessibility of the hotel’s facilities under the federal Americans with Disabilities Act (ADA), rather than to the provision of services under the Florida Civil Rights Act, and that the Commission did not have jurisdiction to enforce the ADA. The Commission issued a final order dismissing the complaint for lack of jurisdiction. This was error.
Section 760.08, Florida Statutes (2010), provides:
Discrimination in places of public accommodation. — All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this chapter, without discrimination or segregation on the ground of race, color, national origin, sex, handicap, familial status, or religion.
(Emphasis added.) Section 760.11(1), Florida Statutes (2010), authorizes any person who was aggrieved by a violation of the Florida Civil Rights Act, sections 760.01 through 760.11, to file a complaint with the Commission, which must then determine whether there is reasonable cause to believe that a discriminatory practice occurred. By section 760.06(5), Florida Statutes (2010), the legislature empowered the Commission to “receive, initiate, investigate, seek to conciliate, hold hearings on, and act upon complaints alleging any discriminatory practice” prohibited by the Act. These statutes give the Commission the jurisdiction to determine whether the hotel discriminated against Mr. McGuire by denying him the full and equal enjoyment of the hotel’s goods, services, facilities, privileges, advantages, and accommodations guaranteed by section 760.08.
REVERSE and REMAND.